[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 01-16424
_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
NOV 8, 2002
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00298-CV-M

CHARLES H. BEHLEN,
individually and on behalf of a
class of similarly situated persons
and entities,

Plaintiff-Appellant,

versus

MERRILL LYNCH,
PHOENIX INVESTMENT PARTNERS, LTD.,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 8, 2002)

Before WILSON, RONEY and ALARCON*, Circuit Judges.

_____

*Honorable Arthur L. Alarcon, U.S. Circuit Judge for the Ninth Circuit, sitting by
designation.

WILSON, Circuit Judge:

Charles H. Behlen, individually and on behalf of a class of similarly situated individuals, appeals the district court's denial of his motion to remand his case to state court and its order dismissing his lawsuit. The district court determined that it had removal and supplemental jurisdiction over the action and therefore denied the motion to remand. The court further determined that the action was barred by the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. §§ 77p, 78bb. Thus, the court dismissed Behlen's class-wide claims with prejudice and his individual claims without prejudice. Because we determine that the action was preempted by the SLUSA and subject to dismissal, we affirm.

BACKGROUND

From November 1999 to March 2000 Behlen purchased shares in a mutual fund known as the Phoenix-Engemann Aggressive Growth Fund. Behlen purchased the shares from Merrill Lynch & Co. and Phoenix Investment Partners, Ltd. (the defendants). On March 15, 2001, Behlen filed a civil action in state court seeking to recover money damages resulting from his purchase of those shares. In his original complaint, which was styled as a class action, Behlen asserted various state law claims, including claims for breach of contract, breach of implied covenants and duties, breach of fiduciary duty, unjust enrichment, suppression,

2

misrepresentation, and negligence and/or wantonness. He alleged that the defendants sold him and the class members Class B shares in the growth fund when they were unknowingly eligible to purchase Class A shares. He further alleged that the defendants sold them the wrong shares, because the Class B shares were subject to higher fees and commissions than the Class A shares.

On April 27, 2001, the defendants removed the lawsuit from state court to the United States District Court for the Southern District of Alabama, asserting that the district court had subject matter jurisdiction over the case pursuant to the SLUSA. Three days later, the defendants filed a motion to dismiss Behlen's complaint. Behlen subsequently filed an amended complaint, in which he asserted the same state law claims, deleted the claims for misrepresentation and suppression, and added claims for money had and received and for an accounting. Behlen also removed all explicit references to any fraudulent activity by the defendants. He argued that the SLUSA was no longer applicable to his claims and filed a motion to remand the case to state court.

The district court ultimately denied Behlen's motion to remand and granted the defendants' motion to dismiss the action, dismissing the class-wide claims with prejudice and Behlen's individual claims without prejudice. This appeal followed.

## STANDARD OF REVIEW

We review the denial of a motion to remand de novo. *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211 (11th Cir. 1999). We also "review[] *de novo* the dismissal of a complaint pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1187 (11th Cir. 2002).

## DISCUSSION

### I. Removal Jurisdiction

We first address whether the district court had removal jurisdiction over this action. Although Behlen asserted only state law claims in his original complaint, the defendants removed the case to the district court based upon their belief that Behlen actually alleged violations of federal securities laws, which fell within the scope of the SLUSA.

Generally, whether an action raises a federal question "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, the plaintiff is "the master of the claim . . . [and] may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Furthermore, "a case may *not* be removed to

4

federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

The Supreme Court, however, has recognized "an 'independent corollary' to the well-pleaded complaint rule, known as the 'complete pre-emption' doctrine." *Id.* (citation omitted). The Court explained,

> On occasion, the Court has concluded that the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Id.* (citation omitted) (internal quotation marks omitted).

Thus, whether a district court has removal jurisdiction over a state law case alleging securities fraud depends upon whether the claims fall within the scope of the SLUSA and are therefore preempted. In making this determination, it is helpful to consider the SLUSA and its historical context.

Congress passed the Private Securities Litigation Reform Act of 1995 (PSLRA), which established uniform standards for class actions alleging securities fraud. The procedural reforms enacted by the PSLRA were intended to prevent

plaintiffs from bringing "strike suits"[1] in securities matters. H.R. Conf. Rep. No. 105-803, at 13 (1998) (discussing the PSLRA). Congress found that the high costs of defending strike suits often forced defendants to settle meritless class actions. H.R. Conf. Rep. No. 104-369, at 31 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 730. The PSLRA addressed this problem by instituting heightened pleading requirements for class actions alleging fraud in the sale or purchase of national securities.[2] *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334,

---

[1]A strike suit is defined as "[a] suit . . . often based on no valid claim, brought either for nuisance value or as leverage to obtain a favorable or inflated settlement." *Black's Law Dictionary* 1448 (Bryan A. Garner ed., 7th ed. 1999).

[2]Section 78u-4 provides in relevant part,

(1) Misleading statements and omissions
    In any private action arising under this chapter in which the plaintiff alleges that the defendant–
        (A) made an untrue statement of a material fact; or
        (B) omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading;
the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.
    . . . .
(3) Motion to dismiss; stay of discovery
        (A) Dismissal for failure to meet pleading requirements
            In any private action arising under this chapter, the court shall, on the motion of any defendant, dismiss the complaint if the requirements of paragraphs (1) and (2) are not met.
        (B) Stay of discovery
            In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless

1340 (11th Cir.), *cert. denied*, 71 U.S.L.W. 3178 (U.S. Oct. 15, 2002) (No. 02-378).  The PSLRA also required a mandatory stay of discovery until the district court could determine the legal sufficiency of the class action claims.  *See* 15 U.S.C. § 78u-4(b)(3)(B).

By 1998, however, it became apparent to Congress that the objectives of the PSLRA were being frustrated, because plaintiffs were evading its heightened pleading requirements by bringing suit in state court rather than federal court.  Securities Litigation Uniform Standards Act of 1998, Pub. L. No. 105-353, § 2(2)–(3), 112 Stat. 3227, 3227; *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 108 (2d Cir. 2001) (noting that "litigants were able to assert many of the same causes of action, but avoid the heightened procedural requirements instituted in federal court").  Congress thus resolved that

> in order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995, it is appropriate to enact national standards for securities class action lawsuits involving nationally traded securities, while preserving the appropriate enforcement powers of State securities regulators and not changing the current treatment of individual lawsuits.

---

the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(1), (3).

Pub. L. No. 105-353, § 2(5).

As a result, Congress passed the SLUSA, which amended the Securities Act of 1933 and the Securities Exchange Act of 1934 and made federal court, with limited exceptions, the sole venue for class actions alleging fraud in the purchase and sale of covered securities.[3] *Riley*, 292 F.3d at 1341. Congress further mandated that such class actions would be governed by federal law rather than state law. *See* H.R. Conf. Rep. No. 105-803, at 13. To that end, the SLUSA preempts certain state law claims, allows for removal of state actions to federal court, and requires immediate dismissal of "covered lawsuits." *Riley*, 292 F.3d at 1341.

---

[3]The SLUSA amended the 1933 Act to provide as follows:

(b) Class action limitations
No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging–
(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.
(c) Removal of covered class actions
Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(b)–(c). An identical amendment was made to the 1934 Act. *See id.* § 78bb(f)(1)–(2).

A party seeking to remove an action to federal court pursuant to the SLUSA bears the burden of showing that "(1) the suit is a 'covered class action,' (2) the plaintiffs' claims are based on state law, (3) one or more 'covered securities' has been purchased or sold, and (4) the defendant misrepresented or omitted a material fact 'in connection with the purchase or sale of such security.'" *Id.* at 1342 (emphasis omitted). The district court found that each of these requirements had been met and that the action was therefore removable. Behlen, however, argues that the case was not removable, because the action was not a "covered class action" and the misconduct alleged in the complaint was not "in connection with" the sale or purchase of a security.

A. "Covered Class Action"

Behlen argues that his case was not removable, because it was not a "covered class action." Behlen points to the statutory language of the SLUSA, which provides that "[n]o covered class action based upon the statutory or common law of any State or subdivision thereof may be *maintained* in any State or Federal court by any private party." 15 U.S.C. §§ 77p(b), 78bb(f)(1) (emphasis added). Behlen contends that at the time of removal the case was not maintained as a class action, because the state court had not determined whether the case should proceed in a class-wide fashion.

9

We find no merit in Behlen's argument and believe that it is based upon a misreading of the statute. The SLUSA does not require that an action be "maintained as a class action" before it can be removed; rather, it merely provides that no class action falling within the scope of its coverage can be maintained in a state or federal court, which means that dismissal of a "covered class action" is required. *Prager v. Knight/Trimark Group, Inc*., 124 F. Supp. 2d 229, 231 (D.N.J. 2000).

> The SLUSA defines a "covered class action" as
>
> any single lawsuit in which . . . damages are sought on behalf of more than 50 persons or *prospective* class members, and questions of law or fact common to those persons or members of the *prospective* class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members.

15 U.S.C. §§ 77p(f)(2)(A)(i)(I), 78bb(f)(5)(B)(i)(I) (emphasis added). We thus believe that it is clear from the statutory language that prospective class actions are removable to federal court even if the state court has not determined whether the action should go forward as a class action. Were we to find that a class action must be "maintained" as such *before* it is subject to removal under the SLUSA, we essentially would require that the action be certified in state court before it could be removed to federal court. Nothing in the statutory language of the SLUSA, however, suggests that certification prior to removal is required. Indeed, requiring

10

certification prior to removal would frustrate the objectives of the SLUSA rather than further them. The SLUSA's provisions "were designed to enable securities defendants to obtain early dismissal of frivolous class actions, and thereby avoid the high expense of discovery." *Riley*, 292 F.3d at 1341. Requiring certification prior to removal would entail potentially lengthy and expensive pretrial practice and discovery in state court, regardless of the merits of the action. We believe that such a prospect is contrary to the stated objectives of the SLUSA.

## B. "In Connection with"

Behlen next argues that the district court's exercise of removal jurisdiction over his case was improper, because the misconduct alleged in the complaint did not occur "in connection with" the sale or purchase of securities.

The SLUSA does not define the phrase "in connection with the purchase or sale of a covered security." The Supreme Court has not had occasion to interpret this phrase in the context of the SLUSA, but has interpreted the identical phrase as it appears in Rule 10b-5, which implements section 10(b) of the 1934 Act.[4] *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 737–38 (1975). Thus, in

---

[4]Section 10(b) makes it "unlawful for any person . . . [t]o use or employ, in connection with the purchase or sale of any security . . ., any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe." Securities Exchange Act of 1934 § 10(b), 15 U.S.C. § 78j(b). Rule 10b-5 prohibits the use of "any device, scheme, or artifice to defraud" or any other "act, practice, or course of business" that "operates . . . as a fraud or deceit." 17 C.F.R. § 240.10b-5.

11

*Riley,* we looked to *Blue Chip* when we determined that Congress intended the phrase "in connection with" to have the same meaning under the SLUSA that it has under section 10b-5, because the SLUSA was enacted as an amendment to the 1933 and 1934 Acts. 292 F.3d at 1342–43; *see also Green v. Ameritrade, Inc.*, 279 F.3d 590, 597 (8th Cir. 2002).

In *Blue Chip*, the Supreme Court held that there is no cause of action under section 10b-5 unless a challenged misrepresentation or omission caused the plaintiff to buy or sell a particular stock. 421 U.S. at 748–49. Based upon that holding, the Eighth Circuit held in *Green* that the SLUSA did not preempt a state law breach of contract claim where the plaintiff failed to allege that the defendants made misrepresentations that caused them to buy a covered security. 279 F.3d at 598–99. Green filed a breach of contract action in state court, alleging that he contracted with Ameritrade to receive "real time" stock quotes on Ameritrade's Web site, but the quotes listed on the site actually were not in real time. *Id*. at 593–94. The court found that Green did not allege in his amended complaint that the delayed quotes caused him to buy or sell a covered security; rather, he merely alleged that he contracted for a service, but did not receive the kind of information for which he believed he was paying. *Id.* at 598–99.

In contrast to the plaintiff in *Green*, Behlen specifically alleged that the defendants "negligently, recklessly or intentionally misrepresented the fact that Plaintiff and the class would be sold Class A shares," but "sold to them more expensive Class B shares." Additionally, he alleged that the defendants "suppressed the true facts concerning the repeated sales to them of Class B Shares" and "concealed and suppressed the illegality of their conduct . . . and continued to sell them Class B shares." It is clear that the crux of the complaint was that the defendants either misrepresented or omitted crucial facts about the Class A and Class B shares, thus causing him and the class to invest in inappropriate securities. Behlen argues, however, that these wrongful acts were not made "in connection with" the sale of securities, but merely were incidental to the sale of the securities.

We believe Behlen's claims are similar to the claims asserted by the plaintiffs in *Dudek v. Prudential Securities, Inc.*, 295 F.3d 875 (8th Cir. 2002). In that case, the plaintiffs filed a class action suit in state court alleging that the defendants improperly marketed tax-deferred annuities to accounts that already enjoyed tax-deferred status. *Id*. at 877. The plaintiffs argued that the annuities were inappropriate investments, "because tax-deferred accounts did not need the tax benefits, and therefore the extra fees and costs that tax-deferred annuities entail[ed] were a waste of the investors' money." *Id*. The plaintiffs acknowledged

13

that the annuities at issue were "covered securities," but argued that their claims were not preempted by the SLUSA because they were based upon the defendants excessive fees rather than misconduct "in connection with" the sale of securities. *Id*. at 878. The Eighth Circuit rejected the plaintiffs' argument that they did not allege fraud, misrepresentation, or an omission of material fact; it agreed with the district court that the gravamen of the plaintiffs' complaint "involve[d] an untrue statement or substantive omission of a material fact in connection with the purchase or sale of a covered security." *Id*. at 879 (internal quotation marks omitted).

In the instant case, although Behlen argues that the excess fees and commissions paid by the class members were incidental to the sale of the securities, it seems certain that the very reason they were sold the Class B shares was *because* those shares were subject to the excess fees and commissions. Thus, the fees and commissions were not incidental to the sale of the securities, but were an integral part of the transactions. To the extent that the defendants misrepresented which shares would be sold to the class, those misrepresentations were made "in connection with" the sale of the shares.[5]

---

[5]In support of his argument, Behlen relies heavily upon *SEC v. Zandford*, 238 F.3d 559 (4th Cir. 2001), *rev'd*, __ U.S. __, 122 S. Ct. 1899 (2002). That decision was reversed, however, by a unanimous Supreme Court. *See Zandford*, __ U.S. __, 122 S. Ct. 1899. The Court noted that the SEC always has adopted a broad reading of the phrase "in connection with the purchase

14

Having determined that the action was a "covered class action" alleging misrepresentation "in connection with" the sale of covered securities, we conclude that the removal of the case pursuant to the SLUSA was proper. Furthermore, once the case was removed to the district court, the SLUSA required that it be dismissed.[6]

## II. Remand

We now address whether the district court should have remanded the case to state court after Behlen amended his complaint. Behlen argues that even if the action was removable to district court, the court should have remanded the case back to state court after he amended his complaint. Behlen admits that he amended

___

or sale of any security." *Id*. at __, 122 S. Ct. at 1903. The Court stated, "While the statute must not be construed so broadly as to convert every common-law fraud that happens to involve securities into a violation of § 10(b), neither the SEC nor this Court has ever held that there must be a misrepresentation about the value of a particular security in order to run afoul of the Act." *Id*. (citation omitted). The Court went on to state that the securities sales and the broker's fraudulent acts were not independent events, but, in fact, coincided with each other because each sale was made to further the broker's fraudulent scheme. *Id*. at __, 122 S. Ct. at 1904.

[6]Behlen further argues that the district court erred in dismissing the class-wide claims with prejudice. Behlen characterizes the district court's dismissal of the class-wide claims as a ruling that the class action could not be certified. The district court, however, did not determine whether Behlen satisfied the certification requirements of Federal Rule of Civil Procedure 23. The district court simply adhered to the text of §§ 77p and 78bb and determined that Behlen's class-wide claims were barred.

Because Behlen's case was a "covered class action" asserting state law claims that fell within the scope of the SLUSA, the district court had no choice but to dismiss the class-wide claims. Furthermore, the claims were subject to dismissal with prejudice, because Behlen could not recover on *any* state law claim alleging that he and the class were wrongfully induced to buy the Class B shares.

15

the complaint to delete all claims and allegations that might be deemed to fall within the scope of the SLUSA. Absent allegations of misrepresentation, he argues, the complaint no longer contained allegations of the kind of misconduct covered by federal securities laws. Behlen thus contends that the district court no longer had subject matter jurisdiction over the case and should have remanded the case to state court.

In *Poore v. American-Amicable Life Insurance Co. of Texas*, 218 F.3d 1287, 1290–91 (11th Cir. 2000), we joined our sister circuits in holding that if a district court has subject matter jurisdiction over a diversity action at the time of removal, subsequent acts do not divest the court of its jurisdiction over the action. Accordingly, we held that even though the plaintiffs amended their complaint to reduce the amount in controversy, the district court still retained diversity jurisdiction over the action and "committed reversible error by remanding based on Appellees' post-removal amended complaint." *Id.* at 1292.

In the instant case, the district court had federal question jurisdiction over Behlen's original complaint, because the claims therein were preempted by the SLUSA. Pursuant to 28 U.S.C. § 1367(a), the court also had supplemental jurisdiction over the remaining state law claims in the original complaint. The court had discretion to retain jurisdiction over the state law claims even after

Behlen amended the complaint to remove any federal cause of action. *See Porsche Cars N. Am., Inc. v. Porsche.Net*, 302 F.3d 248, 256 (4th Cir. 2002); *Mauro v. S. New England Telecomms., Inc.*, 208 F.3d 384, 388 (2d Cir. 2000) (per curiam). Moreover, it was proper for the court to retain jurisdiction over Behlen's amended complaint, because, despite his removal of the allegations that would bring his claims within the scope of the SLUSA, the amended complaint still presents a federal question.

In the amended complaint, Behlen alleged that "Defendants wrongfully sold Plaintiff and the Class, or wrongfully allowed Plaintiff and the Class to purchase, Class B shares in a mutual fund which allowed Defendants to collect higher fees." Thus, Behlen alleged wrongful conduct "in connection with" the purchase of the growth fund shares. He also implicitly alleged that the defendants failed to disclose material facts about which class of shares was sold to him and the class. Because Behlen alleged in the amended complaint that the defendants misstated or omitted material facts "in connection with" the purchase and sale of the growth fund shares, it, too, fell within the scope of the SLUSA and the district court did not err when it denied Behlen's motion to remand the case to state court.

CONCLUSION

Because Behlen's action was a "covered class action" asserting state law claims for misrepresentation and/or omission "in connection with" the purchase or sale of covered securities, we find that it was preempted by the SLUSA and subject to dismissal. We therefore find that the district court properly asserted removal jurisdiction over the case, correctly denied Behlen's motion to remand the case, and did not err when it dismissed the class-wide claims with prejudice and the individual claims without prejudice. The order of the district court, therefore, is AFFIRMED.