George SCHUSTER, individually and on behalf of all others similarly situated, Plaintiff,

v.

Stephen P. GARDNER, et al., Defendants.

No. CIV. 02CV2261JRBB.

United States District Court, S.D. California.

Jan. 10, 2003.

Robert A. Jigarjan, Green and Jigarjian, San Francisco, CA, Eric J. Belfi, Rabin and Peckel, New York City, for Plaintiff.

Caroline McInture, Bergeson Law Firm, San Jose, CA, Janet E. Moser, Gibson Dunn and Crutcher, Irvine, CA, for Defendants.

## ORDER:

### (1) GRANTING MOTION TO REMAND;

### (2) REMANDING FIRST AMENDED COMPLAINT TO STATE COURT;

### (3) DENYING PLAINTIFF'S RE-QUEST FOR ATTORNEYS' FEES AND COSTS;

### (4) DENYING DEFENDANTS' REQUEST TO STAY DISCOVERY; and

### (3) DENYING MOTION TO DISMISS AS MOOT

JONES, District Judge.

Before the court is plaintiff's motion to remand and defendants' motion to dismiss. Plaintiff argues that defendants improperly removed this action to federal court under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). The court has read and considered the declaration of John W. Pillette in support of plaintiff's motion, defendants' opposition brief and plaintiff's reply. Defendant Stephen P. Gardner joined in the opposition. The court determined that the issues presented in the motion to remand were appropriate for decision without oral argument and vacated the January 13, 2003 hearing date. For the reasons set forth below, the court concludes that the claims set forth in the original complaint, and as clarified in the first amended complaint, are not preempted by the SLUSA. Accordingly, the motion to remand is **GRANTED** and the first amended complaint is **HEREBY RE-MANDED** to the Superior Court of the State of California for the County of San Diego. Plaintiff's request for attorneys' fees and costs and defendants' request to stay discovery are **DENIED**. The motion to dismiss, calendared for hearing on February 24, 2003, is consequently **DENIED** as moot.

### *Background*

On October 13, 2002, plaintiff filed a putative class action lawsuit in state court alleging two claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty. Plaintiff alleged that defendants Chief Executive Officer and Chairman of the Board of Directors Stephen P. Gardner and Chief Financial Officer Matthew Gless breached their fiduciary duties of good faith and loyalty to plaintiff and putative class members by:

(a) failing to maintain adequate controls, practices, and procedures for the proper disclosure of information ... to its shareholders, the markets and analysts, and the SEC, which artificially inflated the value of the common stock held by Plaintiff and the Class;

(b) knowingly or recklessly, and systematically failing to exercise their oversight responsibilities to ensure that Peregrine's transactions and financial reporting were in the best interests of Plaintiff and the Class and that federal and state laws, rules and regulations were complied with to ensure the integrity of the Company's financial reporting;

(c) causing Peregrine to overpay for target companies and allocate most of the purchase prices to goodwill that Defendants knew or reasonably should have known Peregrine could not recover;

(d) causing Peregrine to improperly recognize nearly $250 million of revenues that it did not earn; and

(e) soliciting stockholder actions without first correcting false or misleading statements.

(Compl.¶ 57). Plaintiff further alleged that the remaining defendants, "the Outside Director Defendants," knew about and assisted Gardner and Gless' breaches. (*Id.* ¶¶ 59–63). Plaintiff sought damages, costs and fees in his prayer for relief.

Defendants removed the complaint to federal court on November 15, 2002, alleging subject matter jurisdiction under the SLUSA. (NOR ¶ 2). On December 3, 2002, before defendants filed a responsive pleading, plaintiff filed his first amended complaint, in which he limited the putative class to "persons who *held* shares of Peregrine Systems, Inc.... between July 19, 2000 and May 6, 2002" and "specifically exclude[d] claims based upon the purchase or sale of Peregrine securities during the Class Period." (FAC ¶¶ 1, 2, 5)(emphasis added). Plaintiff alleges that he and putative class members were deceived by defendants' breaches into *holding their shares* of Peregrine stock. (*Id.* ¶¶ 5, 64)(emphasis added). Regarding jurisdiction, plaintiff alleged that "This Court does not have subject matter jurisdiction over this action. This Amended Complaint asserts only state or common law claims and is not preempted by the [SLUSA]. Plaintiff does not assert claims based upon the purchase or sale of Peregrine securities." (*Id.* ¶ 6).

## Discussion

### I. Legal standard

 A federal court may remand an action to state court for lack of subject matter jurisdiction any time before entry of final judgment. *See* 28 U.S.C. § 1447(c). The removing party has the burden of establishing jurisdiction. *See Westinghouse Electric Corp. v. Newman & Holtzinger, P.C.,* 992 F.2d 932, 937 (9th Cir.1993). "Federal jurisdiction must be rejected if there is any doubt as to the

right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992).

 The federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The plaintiff is thus the "master of his or her claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). In some instances, however, "the preemptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* at 393, 107 S.Ct. 2425 (citing *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (internal quotations omitted)). In such cases, the "preempted state law claim is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* (citing *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The plaintiff may not avoid federal jurisdiction by artfully pleading a federal claim as a state claim. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979).

### II. Application

Congress passed the SLUSA after it became apparent that attorneys were circumventing the strict substantive and procedural requirements of the Private Securities Litigation Reform Act by filing

securities lawsuits in state court under state law. *See* 15 U.S.C. §§ 78u–4, 77z–1. The SLUSA provides in pertinent part as follows:

**(b) Class action limitations**

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—

(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

**(c) Removal of covered class actions**

■ Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

*See* 15 U.S.C. § 77p(b)-(c)(West Supp. 2002). The SLUSA therefore provides for complete preemption, and this court has jurisdiction, only if the state complaint pleads facts satisfying the following elements: (1) the case is a "covered class action," (2) based on state law; (3) that alleges an "untrue statement or omission of material fact in connection with the purchase or sale," (4) of a "covered security." *Id.; Patenaude v. Equitable Life Assurance Society of the United States*, 290 F.3d 1020, 1025 (9th Cir.2002); *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1128 (9th Cir.2002).

■ Plaintiff does not dispute that the facts as pled in the *original complaint* satisfy these elements. Rather, plaintiff argues that any federal claim pled in the original complaint was *inadvertently pled* and contends that this court should consider only the facts as pled in the first amended complaint, which explicitly disavows any federal claim.

Defendants do not dispute that the *amended* complaint presents only garden variety state law claims. Rather, defendants argue that plaintiff's claims are preempted by the SLUSA based on the allegations in the *original* complaint, which was the operative complaint at the time they filed the notice of removal. Defendants contends that the fact that plaintiff amended his complaint after removal, thereby omitting allegations regarding the purchase and sale of stock shares, is of no moment because whether a federal court has jurisdiction is determined by looking at the complaint operative at the time of removal. Taking the argument even further, defendants contend that plaintiff's decision to file an amended complaint and disavow any federal claims is "a clear admission by Plaintiff that his claims are preempted by SLUSA." (Opp. Br. at 7).

■ Defendants are correct that subject matter jurisdiction is generally determined by looking at the facts as pled in the complaint operative at the time the notice of removal is filed. *Sparta*, 159 F.3d at 1211. In some instances, however, strict adherence to that general principle would work an injustice. *See e.g., Roessert v. Health Net*, 929 F.Supp. 343, 349 (N.D.Cal.1996)(determining the motion to remand by looking at the amended complaint in which counsel clarified previous allegations of jurisdiction made by formerly pro per plaintiff). Strict adherence to that general principle in this case would disregard other, well-established rules governing removal jurisdiction. Specifically, defendants have the burden of establishing federal jurisdiction, *Westinghouse Electric Corp.*, 992 F.2d at 937, and any doubt as to the right of removal must be construed in favor of remand. *Gaus*, 980 F.2d at 566; *Ethridge*, 861 F.2d at 1393. As the "mas-

ter of the complaint," plaintiff may opt to avoid federal court jurisdiction by asserting legal rights independent of federal securities laws. *Caterpillar*, 107 S.Ct. at 2431. Moreover, plaintiff has the right to amend his complaint prior to the defendants' filing of a responsive pleading. *See* Fed.R.Civ.P. 15.

Defendants have not convinced the court that plaintiff's amended complaint is an attempt at forum manipulation or to circumvent the SLUSA. The whole of the original complaint and the procedural posture of this case supports plaintiff's contention that any federal claim present in the original complaint was inadvertently pled. Plaintiff alleges only two state law claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty. Defendants refer to the factual allegations regarding the purchase and sale of covered securities as the basis for preemption. Those allegations are not material to the claims alleged. Most convincingly, plaintiff has explicitly disavowed any intent to bring a federal claim and, by doing so, effectively limited his purported class to individuals who held Peregrine stock and waived his ability to pursue any federal claim in this state court action. Given the procedural posture of this particular case, not remanding the case to state court would work a manifest injustice by forcing the plaintiff to litigate a federal securities class action he did not intend to bring. *Abada v. Charles Schwab & Co., Inc.*, 127 F.Supp.2d 1101, 1103 (S.D.Cal.2000)(Lorenz., J.).

Defendants' opposition relies heavily on *Sparta Surgical Corp. v. Nat'l Assoc. of Securities Dealers, Inc.*, 159 F.3d 1209 (9th Cir.1998), and *Behlen v. Merrill Lynch*, 311 F.3d 1087 (11th Cir.2002), to support their argument that plaintiff's amended complaint is of no import and should be disregarded. (Opp. Br. at 3). *Sparta* involved removal jurisdiction based on pre-

emption under 15 U.S.C. § 78aa, which provides federal courts with exclusive jurisdiction over claims alleging violations of the National Association of Securities Dealers' ("NASD") rules. Sparta, a company whose stock was listed and traded on the Nasdaq Stock Market, filed suit in state court alleging a variety of state law claims sounding in breach of contract after Nasdaq suspended trading and delisted Sparta's stock in the midst of the company's secondary public offering. *Id.* at 1211. After removal, the district court denied Sparta's motion to remand and dismissed the complaint for failure to state a claim. The Ninth Circuit upheld the district court's order denying Sparta's motion to remand because the removed complaint presented claims that could only be made under federal law. *Id.* at 1212. The allegations that Nasdaq violated its own rules were subject to preemption. Sparta filed an amended complaint "after removal in which most references to exchange rule violations were deleted." *Id.* at 1213. Without discussion, the Ninth Circuit refused to consider the amendments because "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Id.* (citing *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir.1991)).

Unlike here, the *Sparta* court apparently felt that the company's amended complaint was not a clarification of its original complaint but instead an attempt to manipulate the choice of forum. *Sparta* is further distinguishable on the grounds that the company was unable to state a claim arising out of Nasdaq's alleged failure to follow its own rules that would not be preempted. The only claim Sparta was able to bring would necessarily be a federal claim. In our case, the plaintiff brought two state law claims alleging a violation of rights independent of those protected by

federal securities laws, and defendant's removal of original complaint referred to allegations immaterial to those independent claims and which have since been deleted via amendment with the explicit disavowal of any intention to assert a federal claim.

*Behlen* is equally unhelpful in addressing the specific issue presented here. The plaintiff in *Behlen* filed suit in state court alleging various state law claims sounding in breach of contract and breach of fiduciary duty. Defendants removed the lawsuit, asserting that the district court had subject matter jurisdiction over the case pursuant to the SLUSA, and then filed a motion to dismiss for failure to state a claim. Behlen then filed an amended complaint which, he argued, no longer presented claims preempted by the SLUSA. On appeal, the Eleventh Circuit upheld the district court's order denying the plaintiff's motion to remand because the claims alleged in the original *and* amended complaints fell within the scope of the SLUSA. *Behlen*, 311 F.3d at 1096.

Like the *Sparta* court, the *Behlen* court stated without discussion that subject matter jurisdiction for removal purposes is determined at the time the notice of removal is filed. Both courts cited to circuit court cases involving amendments for the purpose of defeating diversity jurisdiction. *Sparta*, 159 F.3d at 1213 (citing *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir.1991)); *Behlen*, 311 F.3d at 1095 (citing *Poore v. American–Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290–91 (11th Cir.2000)). Here, the plaintiff filed an amended complaint that clarified his intent to bring only state claims and by doing so waived his ability to pursue a federal claim.

■ *Green v. Ameritrade, Inc.*, 279 F.3d 590 (8th Cir.2002), provides better instruction on the specific issue of whether plaintiff's amended complaint has any bearing on the motion to remand. In *Green*, the district court found that the claims presented in the original complaint, filed in state court and removed to federal court, were preempted by SLUSA and gave the plaintiff leave to file an amended complaint. The amended complaint made it clear that plaintiff intended to allege purely state claims that did not fall within SLUSA's ambit. After amendment, the district court concluded that it had only supplemental jurisdiction over the state law claims and, exercising its discretion, remanded the claims to state court. *Id.* at 594. Here, the plaintiff merely exercised his right to file an amended complaint before defendants filed their responsive pleading, thereby clarifying his intent to "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425. Had defendants filed their motion to dismiss for failure to state a claim prior to plaintiff's amendment, this court, like the *Green* court, might have given plaintiff leave to file an amended complaint clarifying his intent to bring only state law claims. "[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate" *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). That plaintiff opted to exercise his right to amend his complaint rather than awaiting an order dismissing his complaint and giving him leave to amend is immaterial. The court thus concludes that it would be inappropriate not to remand the first amended complaint to state court.

## III. Plaintiff's request for attorney's fees and costs.

■ Having determined that the motion to remand should be granted, the court considers plaintiff's request for an award

of costs and fees incurred in bringing the motion. Upon granting a motion to remand, the court has discretion to award the plaintiff "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *See* 28 U.S.C. § 1447(c); *Moore v. Permanente Medical Group, Inc.,* 981 F.2d 443, 447–48 (9th Cir.1992). The court finds that the defendants' removal of the case to this court was not frivolous or motivated by bad faith and **DENIES** the request.

## IV. Defendants' request to stay discovery

Defendants request that this court stay discovery until the automatic stay is lifted in *In re Peregrine Systems Inc. Securities Litigation,* Master File No. 02CV870–J (RBB). "Upon a proper showing, a court may stay discovery proceedings in any private action in a State court as necessary in aid of its jurisdiction, or to protect or effect its judgments, in any action subject to a stay of discovery pursuant to this subsection." *See* 15 U.S.C. § 78u–4(b)(3)(D). Defendants have not shown that a stay of discovery in the state case is warranted for any of the reasons set forth in the statute. The request to stay discovery is **DENIED**.

## V. Defendants' motion to dismiss

Defendants' motion to dismiss for failure to state a claim, calendared to be heard on February 24, 2003, is hereby **DENIED** as moot.

### *Conclusion*

The court has read the parties' briefs and supporting documentation and, having given full consideration to the issues presented therein:

(1) **GRANTS** plaintiff's motion to remand and **REMANDS** the first amended complaint to state court;

(2) **DENIES** defendants' motion to dismiss;

(3) **DENIES** plaintiff's request for attorney's fees and costs; and

(4) **DENIES** defendants' request to stay discovery.

**IT IS SO ORDERED.**