[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11810

_____

D. C. Docket No. 05-02665-CV-TWT-1

DARLENE SMITH,

Plaintiff-Appellant,

versus

WYNFIELD DEV. CO., INC.,
HOMELIFE COMMUNITIES GROUP, INC.,
LORI CHAPMAN,
HOPE PALMER,
JON BEEN,
SHARON WALKER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 8, 2007)**

Before HULL and MARCUS, Circuit Judges, and BARZILAY,[*] Judge.

PER CURIAM:

Darlene Smith appeals the district court's order granting Defendants' motion to dismiss her first amended complaint. Smith argues that the district court lacked subject matter jurisdiction because her original complaint, which was filed in state court, was improperly removed to federal court on the ground that the complaint stated a claim for relief that was preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. After review and oral argument, we affirm.

## I.  BACKGROUND

### A.    Smith's Original Complaint

On August 8, 2005, Smith filed a pro se complaint in Georgia state court against her former "joint-employer," Wynfield Dev. Co., Inc. and Homelife Communities Group, Inc., and several of her former supervisors, Sharon Jones, Lori Chapman, Hope Palmer, and Jon Been (collectively, "Defendants"). Smith's original complaint alleged that Defendants acted improperly following Smith's June 20, 2003 on-the-job injury, including that Defendants fraudulently misrepresented to Smith that she could not file a workers' compensation claim for

[*]Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

2

the injury.

In relevant part, Smith's original complaint also contained several references to a group medical insurance policy that Defendants provided to its employees. In particular, Smith alleged that Defendant Palmer told her at the start of her employment that she would "immediately receive without any direct cost or charge to her and be vested in, individual medical insurance coverage for her individually, through a comprehensive group medical insurance and benefits policy provided by Blue Cross and Blue Shield."

Smith further alleged that, following her injury, Defendant Chapman informed her that her medical bills arising from the injury would be covered under the group medical insurance policy. After Smith told Defendant Chapman that she did not have an insurance card, Chapman discovered that "someone had failed to enroll [Smith] on the Blue Cross/Blue Shield plan." Chapman then provided Smith with an enrollment form for the health insurance plan, but told Smith to leave immediately in order to see a doctor and to fill out the enrollment form when she returned. Chapman advised Smith to pay for the doctor's visit and that Defendant Been would reimburse her. Chapman also told Smith that she would get Smith enrolled on the group medical insurance policy and that all of her bills from the injury should be submitted to Blue Cross/Blue Shield at the same time and would

3

be handled under the group medical insurance policy. Smith did not complete the enrollment form, however, "because she had been instructed by Connie at Tocco [sic] Hills Urgent Care that it was improper to have on the job injuries paid by group medical insurance." Despite Chapman's continued requests for Smith to complete the enrollment form, "Smith was afraid to complete the enrollment form because she would be participating in an insurance fraud." According to her original complaint, because Smith "was unwilling to participate in this intentional and deliberate fraud . . . she suffered the lack of having the benefits of group medical insurance" that had been promised to her.

In her original complaint, Smith claimed that Defendants were "legally liable in general damages" on several grounds, including: (1) breach of an "Implied Covenant of Good Faith and Fair Dealing" because Defendants "breached [their] duty of good faith regarding . . . the group medical insurance coverage which was provided to its employees"; and (2) "Tortious Interference with Contractual Rights" because Defendants "improperly interfered with Smith's rights regarding her group medical insurance benefits which she was promised but unable to be properly enrolled due [to] the fact that Chapman planned to commit a fraud against Blue Cross Blue Shield which prevented Smith from participating in her own enrollment."

**B.     Removal**

On October 14, 2005, Defendants filed a notice of removal of Smith's original complaint to the United States District Court for the Northern District of Georgia.  Defendants alleged that the district court had original jurisdiction over the case, pursuant to 28 U.S.C. §§ 1331 and 1441(b), because a federal question under ERISA was presented "on the face" of Smith's complaint.  Specifically, Defendants asserted that Smith raised a claim seeking to recover from the denial of group medical insurance benefits and that such a claim is preempted by ERISA.  Defendants also argued that the district court could assert supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state law claims in the original complaint that were not preempted.

**C.     First Motion to Dismiss**

On October 14, 2005, Defendants also filed a motion to dismiss Smith's original complaint for failure to comply with the pleading requirements of the Federal Rules of Civil Procedure.  In response, Smith argued, inter alia, that her complaint raised only state law claims and did not assert a cause of action under ERISA, and therefore, that the district court lacked subject matter jurisdiction over the case and should remand the case back to state court.

The district court granted Defendants' motion to dismiss, finding that the

original complaint "consists of 25 pages [of] rambling, disconnected factual allegations," and therefore, failed to comply with Rules 8 and 9(b) of the Federal Rules of Civil Procedure. However, the district court's order allowed Smith to replead her complaint in order to avoid dismissal. The district court did not address Smith's contention that it lacked jurisdiction and should remand the case.

## D.    First Amended Complaint

On November 29, 2005, Smith filed her first amended complaint, in which she raised three discrete, state law claims: (1) fraud and misrepresentation; (2) intentional infliction of physical harm; and (3) intentional infliction of emotional distress. Smith's amended complaint contained several allegations relating to Defendants' alleged misrepresentation regarding workers' compensation benefits and the denial of those benefits. Of note, the amended complaint contained no references to the group medical insurance policy or ERISA.

## E.    Motion to Remand

On November 29, 2005, Smith also filed a motion to remand her case to state court. In the motion, Smith argued that the district court lacked subject matter jurisdiction over the case because "no cause of action under ERISA has been asserted in [Smith's] First Amended Complaint." Rather, Smith argued that her first amended complaint contained only state law claims, which were not

preempted by ERISA.

In response, Defendants admitted that Smith's first amended complaint did not allege any violations of ERISA, but argued that the district court could, in its discretion, retain jurisdiction over the case. Specifically, Defendants argued that "a post-removal amendment of the Complaint does not destroy the District Court's jurisdiction."

Smith replied that "nowhere in the original or amended complaint" did she raise an ERISA claim, and therefore, Defendants had improperly removed the case to federal court.

**F.    Second Motion to Dismiss**

On December 16, 2005, Defendants filed a motion to dismiss Smith's first amended complaint, arguing, <u>inter alia</u>, that all of Smith's claims were barred by the exclusivity provision of Georgia's Workers' Compensation Act, O.C.G.A. § 34-9-11(a). In response, Smith argued that her claims were not barred and that, in any event, the district court lacked subject matter jurisdiction and should remand the case.

On February 17, 2006, the district court granted Defendants' second motion to dismiss, finding that Smith's claims were "barred by the Georgia Workers' Compensation Act which provides the exclusive remedy for injuries in the

workplace." The district court did not explicitly rule on Smith's motion to remand or otherwise comment on her claim that it lacked subject matter jurisdiction.

Smith now appeals.

## II. DISCUSSION

On appeal, Smith argues that the district court erred by dismissing her first amended complaint because the court lacked subject matter jurisdiction.[1] Smith raises two arguments. Initially, Smith argues that her first amended complaint contained only state law claims and clarified that she was not raising any claims that could have been brought under ERISA. Smith asserts that, at that point, the district court should have remanded the case. We reject this first argument because a district court's removal jurisdiction is determined at the time of removal, and "events occurring after removal . . . do not oust the district court's jurisdiction." Poore v. Am.-Amicable Life Ins. Co., 218 F.3d 1287, 1290-91 (11th Cir. 2000); see also Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002) ("The court had discretion to retain jurisdiction over the state law claims even after Behlen amended the complaint to remove any federal cause of action."). Thus, in order to decide whether the district court had subject matter jurisdiction, we look to Smith's original complaint, not her first amended complaint, to determine whether

---

[1]We review questions of subject matter jurisdiction de novo. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 408 (11th Cir. 1999).

Smith brought a federal claim that was subject to removal.

Alternatively, Smith contends that her original complaint did not assert a claim for relief under ERISA, and therefore, removal to federal court was improper. Smith further asserts that it would have been impossible for her to raise a claim seeking to enforce or clarify her rights under an ERISA plan because Defendants failed to enroll her in their group medical insurance policy.

Removal of a case to federal court is proper only if the district court would have had jurisdiction over the case had the case been brought there originally. See 28 U.S.C. §1441. If at any time before final judgment it appears that the district court lacks jurisdiction, then the case "shall be remanded" to state court. 28 U.S.C. § 1447(c). "This provision is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

Here, because there is no diversity between the parties, the sole question is whether any claim in Smith's original complaint arises under federal law, thereby giving rise to federal question jurisdiction. See 28 U.S.C. § 1331. If so, then the district court also could have exercised supplemental jurisdiction over any remaining state law claims. See 28 U.S.C. § 1367.

Generally, a case does not arise under federal law unless a federal question is

presented on the face of the plaintiff's complaint. This is known as the "well-pleaded complaint" rule. See Kemp v. IBM Corp., 109 F.3d 708, 712 (11th Cir. 1997). Here, Smith's original complaint asserted only state law claims – it did not purport to raise claims based on ERISA or any other federal statute – and, therefore, this case does not arise under federal law under the ordinary operation of the well-pleaded complaint rule.

However, there is a narrow exception to the well-pleaded complaint rule based on the doctrine of complete preemption. Under that doctrine, Congress can so fully legislate a particular area of law such that any complaint raising claims in that area is "necessarily federal in character" and is removable based on federal question jurisdiction. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 107 S. Ct. 1542, 1546 (1987); Ervast v. Flexible Prods. Co., 346 F.3d 1007, 1012 (11th Cir. 2003); Kemp, 109 F.3d at 712. "If a state law claim is completely preempted, courts are required to recharacterize the claim as one arising under federal law for purposes of determining removal jurisdiction." Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1353 (11th Cir. 1998).

It is well settled that Congress has accomplished "complete preemption" in 29 U.S.C. § 1132(a), which provides the exclusive cause of action for the recovery of relief governed by an ERISA plan. Id. (citing Kemp, 109 F.3d at 712); see also

29 U.S.C. § 1144(a) (stating explicitly that ERISA's provisions "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title").  ERISA complete preemption exists only when the plaintiff is seeking relief that is available under § 1132(a), in which case the plaintiff's state law claims are recharacterized as ERISA claims and may be removed to federal court.  Engelhardt, 139 F.3d at 1353.

In relevant part, § 1132(a) provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a). This Court has established a four-part test for determining whether relief is available under § 1132(a), and thus, whether ERISA complete preemption exists: (1) "there must be a relevant ERISA plan," (2) "the plaintiff must have standing to sue under that plan," (3) "the defendant must be an ERISA entity," and (4) "the complaint must seek compensatory relief akin to that available under § 1132(a); often this will be a claim for benefits due under a plan."  Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999).

In addition, this Court has emphasized that "[t]he Supreme Court has given

11

an expansive interpretation to the term 'relate to.'" Franklin v. QHG of Gadsen, Inc., 127 F.3d 1024, 1028 (11th Cir. 1997). The analysis in Franklin is instructive here. In Franklin, the plaintiff alleged that she accepted a position with the defendant hospital on the condition that her husband would continue to receive the same home nursing care benefits provided under her former employer's plan. Id. at 1026-27. A few years later, however, the hospital informed Franklin that it was discontinuing coverage for home nursing care. Id. Franklin then sued in state court, alleging that the hospital fraudulently induced her to leave her former employment. Id. at 1027. After the defendant removed the complaint to federal court based on ERISA complete preemption, Franklin filed a motion to remand, arguing that she raised only state law claims for fraud in the inducement, misrepresentation, and deceit, and did not seek to recover benefits under the defendant's welfare benefits plan. Id.

In Franklin, this Court affirmed the district court's denial of Franklin's motion to remand. Id. at 1029. In doing so, this Court noted that "a party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." Id. at 1028 (quotation marks, alteration, and citation omitted). This Court concluded, inter alia, that Franklin could not avoid the complete preemption

12

doctrine by characterizing her complaint as one arising under state law, and that because her "state law claims have a direct connection to the administration of medical benefits under an ERISA plan," they were completely preempted. Id. at 1028-29.

With these principles in mind, we turn to the alleged state law claims in Smith's original complaint and conclude that at least some of those claims – those relating to group medical insurance benefits – are claims for relief that is available under 29 U.S.C. § 1132(a), and thus, are subject to ERISA complete preemption.

In her original complaint, Smith claimed that she was promised that, upon her employment, she would "immediately receive . . . individual medical insurance coverage . . . through a comprehensive group medical insurance and benefits policy provided by Blue Cross and Blue Shield." Smith further alleged that she was not properly enrolled in the group health plan and, as a result, "suffered the lack of having the benefits of group medical insurance . . . ." Based on these allegations, Smith claimed that Defendants were liable under two theories: (1) breach of a duty of good faith regarding "the group medical insurance coverage which was provided to [Defendants'] employees"; and (2) tortious interference with contractual rights by "improperly interfer[ing] with Smith's rights regarding her group medical insurance benefits which she was promised but unable to be properly

13

enrolled . . . ."

Smith's claims for relief that relate to the group medical insurance, although characterized as state law tort claims, are subject to complete preemption under ERISA and satisfy the four-part test established in Butero. First, the group health plan at issue here is clearly an ERISA plan. See 29 U.S.C. § 1002(1), (3); Morstein v. Nat'l Ins. Servs., Inc., 93 F.3d 715, 718 n.5 (11th Cir. 1996) (en banc) (noting that "medical insurance policies" qualify as employee welfare benefit plans).

Second, Smith has standing to sue as a "participant" of the health insurance plan. The term "participant" is defined as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . ." 29 U.S.C. § 1002(7). Here, Smith alleged that she was eligible to receive group health insurance benefits based on her employment, but that she was denied those benefits because of Defendants' failure to enroll her properly. If Smith's allegations are true, she may become eligible to receive the benefits of the group health plan to which she was otherwise entitled. Thus, based on her allegations, we conclude that Smith is a "participant" in the relevant ERISA plan, even though she was never properly enrolled in the plan. Smith cannot avoid ERISA

14

preemption simply by stating that she was never properly enrolled in the plan, when the failure to enroll her properly is the very fact that gives rise to her cause of action.

Third, Smith's claims against her former employer are claims against an ERISA entity. See Morstein, 93 F.3d at 722 ("ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan.").

Finally, at least part of Smith's original complaint seeks "compensatory relief akin to that available under § 1132(a)." Butero, 174 F.3d at 1212. As discussed above, in her original complaint, Smith claimed that she was promised ERISA benefits, that she was or should have been eligible to receive ERISA benefits, and that because of the Defendants' failure to enroll her in the group health plan she was improperly denied benefits under the ERISA plan. Thus, Smith's original complaint, at least with respect to the claims relating to the group health plan, seeks damages that would be based on the loss of benefits resulting from Defendants' failure to enroll Smith properly in the group medical insurance policy. The fact that Smith characterized her claims as state law tort claims is insufficient to avoid the complete preemption doctrine and does not change the fact that Smith is seeking to recover the benefits to which she was entitled under Defendants' group health plan. See Franklin, 127 F.3d at 1028-29.

15

Because some of Smith's claims in her original complaint were completely preempted by ERISA, the removal of Smith's complaint to federal court was proper and the district court had subject matter jurisdiction.[2] Accordingly, the district court did not err in ruling on Defendants' motion to dismiss, and we affirm.[3]

**AFFIRMED**.

---

[2]We recognize that several of Smith's claims relate to the Defendants' alleged tortious conduct with regard to the denial of workers' compensation benefits, and that these claims are not preempted by ERISA. Nevertheless, so long as the district court had jurisdiction over some of the claims in Smith's original complaint, the district court could then exercise supplemental jurisdiction over these other state law claims. See 28 U.S.C. § 1367.

[3]Smith also argues that the district court committed reversible error by ruling on Defendants' second motion to dismiss without first addressing Smith's motion to remand and determining whether it had subject matter jurisdiction. See Am. Tobacco, 168 F.3d at 411 (concluding that "the district court should have resolved the issue of subject matter jurisdiction before reaching the merits of any other issue," and that "the district court erred in failing to first address its power to act"). Here, the district court did not explicitly address Smith's motion to remand before ruling on Defendants' second motion to dismiss. However, even assuming arguendo that this was error, we find that any such error was harmless because, as discussed above, the district court properly exercised subject matter jurisdiction over Smith's case.