[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11461
Non-Argument Calendar
_____

D. C. Docket No. 1:12-cv-02506-RWS

GERARD CARROLL,
DAPHNE CARROLL,

Plaintiffs-Appellants,

versus

BANK OF AMERICA, NA,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,
MCCALLA RAYMER, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 31, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Bank of America, NA; Federal National Mortgage Association; and McCalla Raymer, LLC (Appellees); moved to dismiss the Complaint filed by Gerard and Daphne Carroll.  The district court granted the motions, and dismissed the Carrolls' Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted.  The Carrolls appeal, raising several issues.  After review, we affirm.

*Remand to State Court*

The Carrolls first contend the district court should have remanded their case to state court because there was not complete diversity between the parties.[1]  This case was not removed from state court based on diversity jurisdiction, however.  Rather, this case was removed based on federal question jurisdiction, as the Carrolls' Complaint set forth a cause of action for a violation of 15 U.S.C. § 1692e, a provision of the Fair Debt Collections Practices Act (FDCPA).  *See* 28 U.S.C. § 1331.  Further, the district court exercised supplemental jurisdiction under 28 U.S.C. § 1367(a) over the Carrolls' state law claims.  *See Behlen v. Merrill Lynch*,

---

[1] We note the Carrolls did not mention the March 7, 2013, Order denying their motion to remand in their Notice of Appeal.  Rather, the Notice of Appeal specifies they are appealing the March 28, 2013, Order granting the Appellees' motions to dismiss.  While, "[t]he general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal," we afford a more "liberal construction of notices of appeal when (1) unnoticed claims or issues are inextricably intertwined with noticed ones and (2) the adverse party is not prejudiced." *Hill v. BellSouth Telecomm., Inc.*, 364 F.3d 1308, 1313 (11th Cir. 2004) (quotation omitted).  Because the question of whether the district court had jurisdiction over the Carrolls' claims is inextricably intertwined with whether the district court erred in dismissing their Complaint, we will review the denial of the motion to remand.

311 F.3d 1087, 1095 (11th Cir. 2002).  As the district court had federal question and supplemental jurisdiction over the Carrolls' complaint, it did not err[2] in denying the Carrolls' motion to remand.

*Wrongful Foreclosure*

The Carrolls contend the district court erred in granting Appellees' motions to dismiss their wrongful foreclosure claim.  "We review the district court's grant of defendants' motion to dismiss for failure to state a claim *de novo*," accepting "all factual allegations in the complaint as true and constru[ing] them in the light most favorable to the plaintiff."[3]  *World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 649 (11th Cir. 2012) (quotation omitted).

We agree with the district court that the Carrolls' Complaint failed to plead facts establishing a duty owed to them by Appellees, an essential element of the tort of wrongful foreclosure.  *See Heritage Creek Dev. Corp. v. Colonial Bank*, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004) (explaining the elements of wrongful foreclosure as (1) a legal duty owed by the foreclosing party; (2) a breach of that duty; (3) a causal connection between the breach of that duty and the plaintiff's injury; and (4) damages).  Additionally, even if the Carrolls had alleged a duty owed by Appellees, they cannot show a causal connection between a breach of that

---

[2]  We review the district court's denial of a motion to remand *de novo*.  *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

[3]  We reject the Carrolls' contention that the district court failed to construe the pleadings in the light most favorable to the non-moving party.

duty and their alleged injury.  Due to their admitted default on their mortgage, the Carrolls are unable to show their injury is due to Appellees' actions and not their own acts and omissions.

*Dismissal with Prejudice*

The Carrolls assert the district court showed bias and prejudice by dismissing their Complaint with prejudice instead of allowing them to file an amendment.  The Carrolls, however, never filed a motion to amend their Complaint or expressly sought leave to amend before the district court.  We have held that a district court "is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).

*Conclusion*

The district court did not err in denying the Carrolls' motion to remand and in dismissing the Carrolls' Complaint[4] with prejudice.  Thus, we affirm the district court.

**AFFIRMED.**

---

[4] The Carrolls' brief on appeal focuses solely on their wrongful foreclosure claim, and does not allege error in the district court's dismissal of their FDCPA, intentional infliction of emotional distress, declaratory judgment, or attorney's fees claims.  Thus, those issues are abandoned.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).