Howard **DERDIGER**, on behalf of himself and all other similarly situated, Plaintiff,

v.

Joseph P. **TALLMAN**, John R. Durant, M.D., Kinney L. Johnson, Richard C. Miller, Frank G. Washington and HBO & Company, Defendants.

No. CIV. A. 99–670–RRM.

United States District Court, D. Delaware.

Dec. 9, 1999.

Ronald A. Brown, Jr., Paul Fioravanti, Prickett, Jones & Elliott, Wilmington DE, Arthur T. Susman, Charles R. Watkins, Robert J. Emanuel, Susman & Watkins, Chicago, IL, for plaintiff.

Anthony W. Clark, Paul J. Lockwood, Thomas G. Macauley, Stephen D. Dargitz, Skadden, Arps, Slate, Meagher & Floom LLP, Wilmington, DE, for defendants.

## OPINION

McCKELVIE, District Judge.

This is a securities case. Plaintiff Howard Derdiger is a resident of Illinois and a former stockholder of Access Health, Inc. ("Access"). Derdiger is suing on behalf of himself and all other similarly situated former stockholders of Access. Defendants Joseph P. Tallman, John R. Durant, M.D., Kinney L. Johnson, Richard C. Miller and Frank G. Washington are five former directors of Access (collectively, the "Access Directors"). Defendant HBO & Company ("HBOC") is a Delaware corporation that merged with Access in December, 1998.

On July 2, 1999, Derdiger filed a complaint in the Court of Chancery for the State of Delaware, alleging that the Access Directors and HBOC distributed false financial information during the merger of the two health care companies. Derdiger filed his complaint as a class action pursuant to Chancery Court Rule 23, on behalf of the other Access stockholders who were entitled to vote on the merger. On September 24, 1999, Derdiger filed an amended complaint in the Chancery Court, adding an additional count against HBOC for equitable fraud.

HBOC responded to Derdiger's amended complaint on October 8, 1999 by removing it to federal court on the basis that the amended complaint was subject to removal under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f)(2). On October 21, 1999, Derdiger moved to remand the case to the Chancery Court.

This is the court's decision on the motion to remand.

## I. FACTS AND PROCEDURAL HISTORY

This action arises out of a dispute over the merger of two health care companies, Access and HBOC. Access was a Delaware corporation with its corporate headquarters in Broomfield, Colorado. Access specialized in providing health management products and services to the health care industry. The company's stock was publicly traded on the Nasdaq National Market.

In November 1998, Access sent a proxy statement to all Access stockholders informing them of a special stockholder meeting to vote on a merger agreement between Access and HBOC, pursuant to which Access would merge into a subsidiary of HBOC. In the stock-for-stock merger, Access stockholders would receive 1.45 shares of HBOC stock in exchange for each share of Access stock. The proxy statement included financial information on Access and HBOC, as well as projected financial information for the combined Access/HBOC entity.

The Access Directors recommended the merger in the original proxy statement and a supplemental proxy statement mailed to the stockholders in late November. At the special meeting on December 10, 1998, the Access stockholders approved the transaction.

Following the merger, Derdiger filed this class action in the Chancery Court alleging that the Access Directors and HBOC misrepresented material facts in the proxy statements mailed to Access stockholders. In count I, Derdiger argues that the Access Directors breached their fiduciary duty to Access stockholders by distributing false financial information in the proxy statements. In count II, Derdiger contends that HBOC aided and abetted the Access Directors by "knowingly participating in their breaches of fiduciary duty."

On September 24, 1999, Derdiger filed an amended complaint in the Chancery Court, adding a third count. In count III, Derdiger alleges that HBOC committed equitable fraud when it made false statements in the proxy statements concerning HBOC's financial performance. Derdiger contends that HBOC made such false statements with the intent to "induce plaintiff and Access' other stockholders to vote for the Merger based on the false financial information it participated in providing to them."

HBOC removed the action to federal district court on October 8, 1999, on the basis that the amended complaint was subject to removal under section 78bb(f)(2) of SLUSA. On October 21, 1999, Derdiger moved to remand the case to the Chancery Court.

## II. *DISCUSSION*

The central dispute between the parties is whether plaintiff's amended complaint is subject to removal under SLUSA. The court's analysis begins with this complex statute that the defendants cited as the basis for removing the action to federal court.

### A. *The Securities Litigation Uniform Standards Act of 1998*

SLUSA preempts certain types of securities class actions and provides that they cannot be maintained in any court in the United States. The purpose of SLUSA was to make federal court the exclusive venue for most securities class actions and to "prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State court, rather than Federal court." H.R.Rep. No. 105–803 (1998). SLUSA precludes a private party from bringing a "covered class action" based on the statutory or common law of any state alleging a misrepresentation or omission of a material fact or the use of any manipulative device or contrivance in connection with the sale of a "covered security." 15 U.S.C. § 78bb(f)(1).

Generally speaking, a "covered class action" is a class action involving common questions of law or fact brought on behalf of one or more unnamed parties. *Id.* § 78bb(f)(5)(B). A "covered security" is a security listed on the New York Stock Exchange, the American Stock Exchange, or the Nasdaq National Market, or a security issued by an investment company that is registered, or for which a registration statement has been filed under the Investment Company Act of 1940. *Id.* § 78bb(f)(5)(E) (adopting definition of "covered security" from 15 U.S.C.

§ 77r(b)). The parties do not dispute that this action is a "covered class action" involving the "purchase or sale of a covered security."

SLUSA further provides for removal of "covered class actions" from state court to federal district court. 15 U.S.C. § 78bb(f)(2). The statute reads: "Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1)." *Id.*

Notwithstanding the Act's broad limitation on securities class actions, SLUSA also contains a savings clause which preserves certain "covered class actions." Under section 78bb(f)(3), a "covered class action" based upon the statutory or common law of the State in which the issuer is incorporated may be maintained if it involves:

> (I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or
>
> (II) any recommendation, position, or other communication with respect to the sale of securities of an issuer that—
>
> > (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
> >
> > (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. § 78bb(f)(3)(A)(ii).

If, following removal from state court under section 78bb(f)(2), a federal court determines that the action is preserved under this savings clause, the federal court must remand the action to state court. 15 U.S.C. § 78bb(f)(3)(D) ("In an action that has been removed from a State court pursuant to paragraph (2), if the Federal court determines that the action may be

maintained in State court pursuant to this subsection, the Federal court shall remand such action to such State court.").

### B. *Should the Court Remand the Class Action to the Chancery Court?*

HBOC removed this case to federal court after Derdiger filed an amended complaint adding a third count against HBOC for equitable fraud. HBOC contends that the action did not become removable until after Derdiger added count III. Further, HBOC opposes Derdiger's motion to remand the case to state court because HBOC argues that count III does not fall within the savings clause of section 78bb(f)(3).

Derdiger counters that remand to state court is required for two reasons. First, Derdiger argues that the action was not timely removed under 28 U.S.C. § 1446. Second, Derdiger contends that count III is preserved under SLUSA's savings clause and the court must remand the case to state court pursuant to section 78bb(f)(3)(D).

The court finds that remand to state court is required under SLUSA. In count III of the amended complaint, Derdiger alleges that HBOC misrepresented material facts in proxy statements that were mailed to Access stockholders during the merger. In so doing, Derdiger contends that HBOC committed equitable fraud under Delaware law. Count III involves communications over the sale of Access securities that were made by Access's affiliate, HBOC, to Access stockholders in connection with the vote on the merger agreement. As such, the court finds that count III falls within the savings clause of section 78bb(f)(3)(A)(ii) and must be remanded to state court pursuant to section 78bb(f)(3)(D).

The court will issue an order in accordance with this opinion.