John GREAVES, On Behalf of Himself and All Others Similarly Situated and Derivatively On Behalf of IRT Property Co., Plaintiff,

v.

Thomas H. McAULEY, Thomas D'Arcy, Patrick L. Flinn, Homer B. Gibbs, Jr., Samuel W. Kendrick, Bruce A. Morrice, and Equity One, Inc., Defendants,

and

IRT Property Co., a Georgia corporation, Nominal Defendant.

No. CIV.A.1:03–CV–0207–B.

United States District Court, N.D. Georgia, Atlanta Division.

Feb. 7, 2003.

U. Seth Ottensoser, phv, Milberg Weiss Bershad Hynes & Lerach, New York, NY, Jonathan M. Stein, phv, Paul J. Geller, phv, Cauley Geller Bowman & Coates, Boca Raton, FL, Corey Daniel Holzer, Michael Ira Fistel, Jr., Holzer & Holzer, Atlanta, for John Greaves, On Behalf of Himself and all Others Similarly Situated, plaintiff.

John Ludlow Latham, John H. Goselin, II, Alston & Bird, Atlanta, Hilarie Bass, phv, Greenberg Traurig, Miami, FL, Ernest L. Greer, Greenberg Traurig, Atlanta, for Thomas H. McAuley, Thomas D'Arcy, Patrick L. Flinn, Homer B. Gibbs, Jr., Samuel W. Kendrick, Bruce A. Morrice, IRT Property Co., a Georgia Corporation (Nominal Defendant), Equity One, Inc., defendants.

## *ORDER*

MARTIN, District Judge.

This action is before the court on Plaintiff John Greaves' emergency motion for immediate remand to state court [Doc. No. 2–1], or, alternatively, for expedited discovery [Doc. No. 2–2] and the scheduling of a preliminary injunction hearing [Doc. No. 2–3]. Also before the court are sundry unresolved motions filed by the parties while the cause of action was pending in state court [Doc. Nos. 1–1 & 1–2].

### I. *Factual and Procedural Background*

On October 29, 2002, Defendants Equity One, Inc. ("Equity") and IRT Property Co. ("IRT") announced a plan to merge. Plaintiff John Greaves ("Greaves"), an IRT shareholder, filed this action in Cobb County Superior Court on October 31,

2002, only two days after the merger announcement, challenging the companies' plan. In Greaves' original complaint, the shareholder alleges that IRT and the members of IRT's Board of Directors—Defendants Thomas McAuley ("McAuley"), Thomas D'Arcy, Patrick L. Flinn, Homer B. Gibbs, Jr., Samuel W. Kendrick, and Bruce A. Morrice (collectively, "the individual defendants")—breached their fiduciary duties to IRT's public shareholders by agreeing to a merger for inadequate consideration. The original complaint also alleges that Equity aided and abetted IRT's purported breaches of fiduciary duty.

On December 18, 2002, IRT announced that a shareholder meeting was scheduled for February 12, 2003. At that meeting, the shareholders will vote to accept or reject the proposed merger between IRT and Equity. To comply with federal securities regulations, a joint proxy/registration statement ("Form S–4") was filed with the Securities and Exchange Commission on December 24, 2002. Subsequently, the Form S–4 was mailed to Equity and IRT shareholders. Upon review of the Form S–4, Greaves filed an amended complaint, including class and derivative claims. Therein, Greaves asserts that the Form S–4 contains material misstatements and omissions. According to Greaves, the material misstatements and omissions concern, *inter alia*, the consideration IRT's stockholders will receive under the merger agreement, the prospects for the combined IRT/Equity entity, and the fairness opinions and financial analyses provided for the companies.

In total, Greaves' amended complaint asserts five state law claims. First, Count I presents a class claim "Against All Individual Defendants for Breach of Fiduciary Duty." Greaves alleges that the individual defendants "violated fiduciary duties of care, loyalty, candor and independence owed to the public shareholders of IRT." Next, Counts II, III, and IV assert derivative claims, brought on behalf of IRT, against the individual defendants. These counts include claims for "Corporate Waste," "Abuse of Control," and "Breach of Fiduciary Duty." Finally, Count V asserts a derivative claim on behalf of IRT against Equity and the individual defendants for "Unjust Enrichment."

Upon receipt of Greaves' amended complaint, the defendants removed the action to this court. According to the defendants, this court has original jurisdiction over the cause of action pursuant to the Securities Litigation Uniform Standards Act of 1998 ("Uniform Standards Act" or "the Act"), 15 U.S.C. §§ 77p, 78bb(f).[1] Also, the defendants believe that this court has federal question jurisdiction over Greaves' claims because, although purportedly based on state law, Greaves' claims involve substantial questions of federal law. Unsurprisingly, Greaves disputes these contentions, arguing that the Uniform Standards Act dictates that the court remand this action to state court. Because this matter involves a complicated and novel statutory issue, the court heard oral argument on February 4, 2003. In light of the arguments presented by the parties, the court now resolves Greaves' emergency motion to remand [Doc. No. 2–1].

## II. *The Uniform Standards Act*

In 1995, Congress determined that abusive private securities lawsuits were harming the nation's securities markets. H.R. Conf. Rep. No. 104–369, at 31–32 (1995),

1. The Uniform Standards Act has two identical preemption and removal provisions; one is found at 15 U.S.C. § 77p(b) and the other is found at 15 U.S.C. § 78bb(f). The difference is that the former applies to remedies available under the Securities Act of 1933 and the latter applies to remedies available under the Securities and Exchange Act of 1934.

*reprinted in* 1995 U.S.C.C.A.N. 679, 730. Importantly, the high cost of defending so-called "strike suits" often forced corporate defendants to settle meritless class actions.[2] *Id.* Congress responded by passing the Private Securities Litigation Reform Act of 1995 ("Reform Act"), which enacted tougher procedural and substantive standards for private securities suits in federal courts. Among other things, the Reform Act established heightened pleading requirements, an automatic stay of discovery pending motions to dismiss, and a safe harbor for certain forward-looking statements. 15 U.S.C. §§ 78u–4, 77z–1.

However, three years later, Congress determined that class action attorneys were attempting to circumvent the Reform Act's requirements by filing frivolous securities lawsuits in state court pursuant to state law, rendering virtually all of the Reform Act's protections inapplicable. Securities Litigation Uniform Standards Act, Pub.L. No. 105–353, §§ 2–3, 112 Stat 3227 (1998). As a response, Congress enacted the Uniform Standards Act. Therein, Congress noted that "a number of securities class action lawsuits have shifted from Federal to State courts," and that "this shift has prevented [the Reform Act] from fully achieving its objectives." *Id.* "[T]o prevent [these] State private securities class action lawsuits ... from being used to frustrate the objectives of the [Reform

Act]," Congress found that "it is appropriate to enact national standards for securities class action lawsuits involving nationally traded securities." *Id.* at § 2.

To that end, the Uniform Standards Act makes federal court, with limited exceptions, the "sole venue for class actions alleging fraud in the purchase and sale of covered securities." *Behlen v. Merrill Lynch,* 311 F.3d 1087, 1091–92 (11th Cir. 2002). Congress further mandated that securities fraud class actions would be exclusively governed by federal law.[3] H.R. Conf. Rep. No. 105–803, at 13. Importantly, the Uniform Standards Act "preempts certain state law claims, allows for removal of state actions to federal court, and requires immediate dismissal of 'covered lawsuits.'" *Behlen,* 311 F.3d at 1092; *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1341 (11th Cir.2002).

### A. Removal Under the Uniform Standards Act

In the Eleventh Circuit, a party seeking to remove an action to federal court pursuant to the Uniform Standards Act "bears the burden of showing that (1) the suit is a 'covered class action,' (2) the plaintiffs' claims are based on state law, (3) one or more 'covered securities' has been purchased or sold, and (4) the defendant misrepresented or omitted a material fact

**2.** A strike suit has been defined as "[a] suit ... often based on no valid claim, brought either for nuisance value or as leverage to obtain a favorable or inflated settlement." *Black's Law Dictionary* 1448 (Bryan A. Garner ed., 7th ed.1999).

**3.** The Uniform Standards Act provides as follows:
§ 77p(b) Class action limitations
No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging -

(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.
§ 77p(c) Removal of covered class actions
Any covered class action brought in any State court involving a covered security ... shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

'in connection with the purchase or sale of such a security.'" *Behlen,* 311 F.3d at 1092; *Riley,* 292 F.3d at 1342. If these four elements are satisfied, then the action is properly removed, and, unless an exception applies, the action must be dismissed. *Id.*

At oral argument, Greaves' counsel conceded, correctly, that these four elements are satisfied in the case *sub judice.* First, this cause of action fits the Uniform Standard Act's definition of a "covered class action," as "damages are [being] sought on behalf of more than 50 persons or prospective class members ...." 15 U.S.C. § 77p(f)(2)(A); *see also Behlen,* 311 F.3d at 1093.[4] Second, Greaves' claims are based on Georgia common law. According to the face of his complaint, Greaves seeks recovery only pursuant to state law. Likewise, "covered securities" are at issue, as the shares of both IRT and Equity are traded on the New York Stock Exchange. *See* 15 U.S.C. § 77r(b). Finally, Greaves alleges that the defendants omitted and misrepresented material facts in the Form S–4, a document the companies' shareholders will rely on when voting to approve or disapprove the merger transaction. Various courts have found that, where a shareholder will sell or trade his or her shares,[5] a merger is "the purchase or sale of a covered security." *See SEC v. Nat'l Secs., Inc.,* 393 U.S. 453, 467, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969); *Warner v. Alexander Grant & Co.,* 828 F.2d 1528 (11th Cir. 1987); *Phillips v. LCI Int'l, Inc.,* 190 F.3d 609 (4th Cir.1999); *In re T2 Med., Inc. S'holder Litig.,* No. 1:92–CV–1564–RLV, 1993 WL 594003 (N.D.Ga. Nov.16, 1993) (Vining, J.). Thus, the fourth element is satisfied, as IRT and Equity allegedly misrepresented and omitted material facts "in connection with the purchase or sale of a covered security." 15 U.S.C. § 77p(b). Since each of the elements required for removal is fulfilled, IRT and Equity properly removed this action from Cobb County Superior Court to this court. 15 U.S.C. § 77p(c).

## B. *Remand Under the Uniform Standards Act*

■ Because Greaves' claims are removable under the Uniform Standards Act, this court must dismiss those claims, unless an exception preserves the state claims.[6] 15 U.S.C. § 77p(b), (c). If this

---

**4.** The statute exempts "exclusively derivative action[s]" from the definition of "covered class action[s]." 15 U.S.C. § 77p(f)(2)(B). However, no party asserts that this is an "exclusively derivative action." Greaves describes his lawsuit as "a shareholder class and derivative action." The defendants have not objected to this description. *See, e.g., Arlia ex rel. Massey Energy Co. v. Blankenship,*234 F.Supp.2d 606 (S.D.W.Va. 2002); *Coykendall v. Kaplan,* 2002 WL 31962137 (N.D.Cal. Aug.1, 2002).

**5.** Throughout the complaint, Greaves asserts that the merger will necessarily result in IRT shareholders selling their shares. *See* Compl. ¶¶ 24, 27, 64, 84, 85.

**6.** Pursuant to the so-called "Delaware carve-out," certain causes of action are preserved under the Uniform Standards Act:

§ 77p(d) Preservation of certain class actions
(1) Actions under State law of State of Incorporation
(A) Actions preserved
    Notwithstanding subsection (b) or (c), a covered class action described in subparagraph (B) of this paragraph that is based upon the statutory or common law of the State in which the issuer is incorporated ... may be maintained in a State or Federal court by a private party.
(B) Permissible actions
    A covered class action is described in this subparagraph if it involves ...
(ii) any recommendation, position or other communication with respect to the sale of securities of the issuer that -
(I) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and

court determines that a claim is "preserved" under an exception, the Uniform Standards Act requires remand to state court.[7] 15 U.S.C. § 77p(d). The parties vigorously contest whether this case should be dismissed or remanded. Greaves alleges that the claims against IRT satisfy the exception known as the "Delaware carve-out," and therefore, the lawsuit, in its entirety, should be remanded to state court. However, IRT and Equity argue that Greaves' claims against Equity do not satisfy the Delaware carve-out, and therefore, this court should exercise jurisdiction over the entire action.

The Delaware carve-out preserves, and requires this court to remand, certain "covered class action[s] ... based upon the statutory or common law of the State in which the issuer is incorporated." 15 U.S.C. §§ 77p(d)(1)(A), 77p(d)(4). In relevant part, the Delaware exception preserves actions that involve "(1) any recommendation, position, or other communication with respect to the sale [of securities of] any issuer; (2) that is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and (3) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights." *Alessi v. Beracha*, No. CIV. A.02–1477SLR, 2003 WL 186725, at *3 (D.Del. Jan.21, 2003); *see also* 15 U.S.C. § 77p(d)(1)(B).

Applying the statutory language to Greaves' claims against IRT and the individual defendants, the court finds that these claims are preserved by the Delaware carve-out exception and, therefore, must be remanded to state court. First, Greaves' claims against IRT are "based on the statutory or common law of the State in which the issuer is incorporated." 15 U.S.C. § 77p(d)(1)(A). IRT is undisputedly a Georgia corporation, and Greaves' claims are based on Georgia law. As such, the first requirement of the Delaware carve-out exception is met. Likewise, Greaves' claims against IRT center upon IRT's press releases and Form S–4. These documents constitute "communication[s]" with IRT shareholders regarding the sale of IRT securities pursuant to the merger agreement. Hence, the second element of the Delaware carve-out is satisfied. 15 U.S.C. § 77p(d)(1)(B)(ii).

Next, IRT's communications were directed to IRT shareholders. Accordingly, the third requirement, that the communication be "made by or on behalf of the issuer ... to holders of equity securities of the issuer," is met. 15 U.S.C. § 77p(d)(1)(B)(ii)(I). Finally, IRT's communications were intended to encourage IRT shareholders to approve the proposed merger agreement. Hence, the last element of the Delaware carve-out exception is fulfilled, as the claims "concern[ ] decisions of [IRT] equity holders with respect to voting their securities." 15 U.S.C. § 77p(d)(1)(B)(ii)(II). Because Greaves' claims against IRT and the individual defendants satisfy the Delaware carve-out, Greaves is entitled to maintain those claims in state court, and in fact, the Uniform Standards Act requires this court to remand the IRT claims. 15 U.S.C. § 77p(d)(4).

---

(II) concerns decisions of those equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

**7.** § 77p(d)(4) Remand of removed actions

In an action that has been removed from a State court pursuant to subsection (c), if the Federal Court determines that the action may be maintained in State court pursuant to this subsection, the Federal court shall remand such action to such State court.

■ Although Greaves' claims against IRT are preserved, the unjust enrichment claim against Equity fails to meet the requirements of the Delaware carve-out for two reasons. First, Equity is a Maryland corporation, but Greaves asserts claims under Georgia common law. At no point in his argument does Greaves contend that his claims are pursuant to Maryland law. As such, the unjust enrichment claim against Equity cannot be preserved under the Delaware carve-out because it is not "based upon the statutory or common law of the State in which the issuer is incorporated." 15 U.S.C. §§ 77p(d)(1)(A). Likewise, the unjust enrichment claim does not satisfy the requirements of the Delaware carve-out because Equity is not the issuer of IRT stock, nor is Equity an affiliate of IRT. 15 U.S.C. § 77p(f)(1). Rather, Equity is, and can only be, the issuer of its own shares. However, there is no allegation in the complaint that Equity made any communication with respect to the sale of Equity securities. Therefore, the necessary elements of the Delaware carve-out remain unsatisfied for Greaves' unjust enrichment claim against Equity.

### C. *Treatment of Entire Case*

■ As described above, the claims against IRT are preserved by the Uniform Standards Act because they fit within the Delaware carve-out exception. In contrast, the claims against Equity are preempted by the Uniform Standards Act because they are not preserved by the Delaware carve-out. Because some claims are preempted by the statute and others are explicitly preserved by the statute, the parties vigorously disagree as to the proper treatment of this lawsuit.[8]

Greaves argues that the entire lawsuit must be remanded to state court. Greaves bases this position on the remand provision in the statute, which provides:

> [i]n an action that has been removed from a State court . . . if the Federal court determines that the action may be maintained in State court pursuant to [the Delaware carve-out], the Federal court shall remand *such action* to such State court.

15 U.S.C. § 77p(d)(4). Because the statutory language provides that "such action" should be remanded to state court, Greaves believes that the entire lawsuit, not simply the claims satisfying the carve-out, should be returned to state court.

However, IRT and Equity proffer a drastically different interpretation of the statute. Given that the unjust enrichment claim is preempted by the Uniform Standards Act, such that it is *ab initio*, a federal claim, IRT asserts that this court should exercise jurisdiction over the remainder of Greaves' claims. Like Greaves, Equity bases its argument on the "plain language" of the statute. Under 15 U.S.C. § 77p(c),

> [a]ny *covered class action* brought in any State court involving a covered security, . . . shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to [dismissal].

Thus, because the statute discusses the removal and dismissal of "covered class action[s]," rather than individual claims, the defendants believe that the entire lawsuit is subject to the Act's complete preemption and dismissal provisions.

---

**8.** Although the parties vigorously dispute the proper treatment of this lawsuit, they agree on one point. At oral argument, both parties conceded that they believe the lawsuit should either be remanded to state court or maintained in federal court in its entirety. They do not argue that part of the lawsuit should be preempted and dismissed, while the other part is remanded to state court.

Importantly, as argued by both parties, the provisions of the Uniform Standards Act direct a district court to examine a lawsuit in its entirety. Under the Act, "covered class action[s]" are removable to federal court. 15 U.S.C. § 77p(c). The term "covered class action" refers to "any single lawsuit" or "any group of lawsuits." 15 U.S.C. § 77p(f)(2)(A). There is no statutory distinction drawn between various claims alleged within a complaint. Once a "covered class action" has been removed to a federal court, if the Delaware carve-out applies, the federal court is required to "remand such action," not such claim, to state court. 15 U.S.C. § 77p(d)(4).

In making their argument that this court should exercise jurisdiction over the entire case, IRT and Equity neglect the fact that the Uniform Standards Act mandates remand under certain circumstances. 15 U.S.C. § 77p(f)(4). Where Congress explicitly demands that actions be remanded to state court, this court is without power to exercise jurisdiction over such claims. "Thus, the fact that [the Uniform Standards Act] preempts *some* causes of action in a complaint does not entitle a defendant to broadly invoke federal preemption against the entire complaint." *Gray v. Seaboard Secs., Inc.,* No. 102cv1204JSRFT, 2003 WL 186632 (N.D.N.Y. Jan.29, 2003) (emphasis in original); *see also Green v. Ameritrade, Inc.,* 279 F.3d 590, 596 (8th Cir.2002) (stating that even when complete preemption applies, "all claims are not necessarily covered. Only those claims that fall within the preemptive scope of the particular statute or treaty, are considered to make out federal questions"); *Gutierrez v. Deloitte & Touche, LLP,* 147 F.Supp.2d 584 (W.D.Tex.2001) (stating that "removal jurisdiction raises significant 'federalism concerns' and must be strictly construed"). Instead, the court must refer to the text of the statute to determine the appropriate disposition of this case.

Pursuant to the sequencing of the analysis in the statute, this court must first determine if the entire action involves allegations that permit removal. 15 U.S.C. § 77p(b), (c). If removal is appropriate, the court must then determine if any exception in 15 U.S.C. § 77p(d)(4) preserves jurisdiction in state court. If jurisdiction in state court is preserved, then the federal court "shall remand such action." 15 U.S.C. § 77p(d)(4). Thus, if an action has been removed, but part of the action fits the Delaware carve-out, "the action may be maintained in State court" and "the Federal court shall remand such action to such State court." *Id.* In essence, according to the plain language of the statute, the court is to consider the propriety of remand after determining the propriety of removal. *Id.* If remand is appropriate, the entire lawsuit must be returned to state court, irrespective of the court's decision regarding removal. As such, the remand provision trumps the removal provision, and the entire lawsuit must be remanded.

IRT and Equity assert that this interpretation frustrates the stated legislative intent of the Uniform Standards Act. According to the defendants, this court's decision means that plaintiffs can avoid federal jurisdiction by pleading one claim that requires remand, while the bulk of the complaint alleges securities fraud violations that are preempted under the statute. Although the court acknowledges that Congress intended to "prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the [Reform Act]" by "enact[ing] national standards for securities class action lawsuits involving nationally traded securities," this court cannot ignore the plain language of the statute. If Congress had intended to preempt and preserve only specific types of claims, rather than entire lawsuits, Congress could have easily done so. *See, e.g.,*

*Gibson v. PS Group Holdings, Inc.*, No. 00–CV–0372W(RBB), 2002 WL 777818 (S.D. Cal. June 14, 2002); *Arlia*, 234 F.Supp.2d at 610. Instead, the legislation addresses "actions," as a whole, and requires that "covered class actions" rise and fall collectively.

■ Another proposition of law supports Greaves' contention that remand of this entire lawsuit is appropriate. "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *University of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *see also Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. *University of S. Ala.*, 168 F.3d at 411; *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir.1983). "A presumption in favor of remand is necessary because, if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking, it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *University of S. Ala.*, 168 F.3d at 411. Given this presumption, this court's doubts about the appropriateness of remanding Greaves' complaint under the Uniform Standards Act must be resolved in favor of remand.

Therefore, the court accepts Greaves' argument. Because the claims against IRT are preserved by the Delaware carve-out, the court must remand the entire cause of action, including the unjust enrichment claim against Equity, to Cobb County Superior Court. 15 U.S.C. § 77p(d)(4). Accordingly, Greaves' motion to remand is granted.

### III. *Substantial Federal Question*

Notwithstanding the dictates of the Uniform Standards Act, the IRT defendants argue that this court has subject matter jurisdiction over Greaves' lawsuit, because "the claims asserted against the IRT Defendants involve substantial questions of federal law that create federal question jurisdiction." Importantly, the IRT defendants make two arguments. First, they assert that there is no Georgia common law cause of action for breach of fiduciary duty based on nondisclosure. Next, even if there were an applicable cause of action, the IRT defendants contend that its resolution necessarily "involve[s] interpretation of the federal securities laws." In contrast, Greaves contests the assertions of the IRT defendants, arguing that Georgia law mandates disclosure under certain circumstances. As such, Greaves believes that the resolution of his claims against the IRT defendants hinges on Georgia law, not federal laws and regulations.

"It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction." *University of S. Ala.*, 168 F.3d at 409. They are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution," and which have been entrusted to them by a jurisdictional grant authorized by Congress. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994). Under 28 U.S.C. § 1331, "[t]he district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

■ Whether an action "arises under the Constitution, laws, or treaties of the United States" is governed by the well-pleaded complaint rule. *Behlen*, 311 F.3d at 1090. This rule provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.

*Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Accordingly, in the Eleventh Circuit, a plaintiff is "the master of the claim ... [and] may avoid federal jurisdiction by exclusive reliance on state law." *Id.; see also Riley,* 292 F.3d at 1345 (stating that "carefully-crafted allegations ... limited solely to the retention of covered securities" can avoid federal jurisdiction). As such, in determining if a federal question exists, a district court will only consider what necessarily appears in a plaintiff's statement of his or her claim. *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 809, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).

■ With these principles in mind, the court notes that Georgia courts recognize a fiduciary duty of disclosure under certain circumstances. *See, e.g., Alimenta (U.S.A.), Inc. v. Stauffer,* 598 F.Supp. 934 (N.D.Ga.1984) (Hall, J.); *King Mfg. Co. v. Clay,* 216 Ga. 581, 118 S.E.2d 581 (1961); *Gibbs v. Dodson,* 229 Ga.App. 64, 492 S.E.2d 923 (1997). Accordingly, IRT's argument that Greaves' duty of disclosure claims are really federal securities claims is unconvincing. *See Arlia ex rel. Massey Energy Co.,* 234 F.Supp.2d 606. At this stage of the litigation, it is not for this court to assess whether Greaves' complaint presents a viable cause of action under Georgia law. Instead, that determination is better made by a Georgia court on a motion to dismiss. *Id.* As currently pled in the complaint, however, Greaves' claims are based on state law, and as such, the court cannot say that his claims necessarily hinge on the resolution of a substantial federal question. *Id.*

■ Moreover, even if the requirements of the federal securities laws may serve as a defense for IRT, the existence of a federal defense is insufficient to create federal question jurisdiction. *Caterpillar, Inc.,* 482 U.S. at 393, 107 S.Ct. 2425; *Behlen,*

311 F.3d at 1090. The Supreme Court has held that "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc.,* 482 U.S. at 393, 107 S.Ct. 2425. In the securities context, various courts have rejected IRT's argument and found that reference to federal securities regulations in a complaint does not create federal question jurisdiction. *See, e.g., Arlia ex rel. Massey Energy Co.,* 2002 WL 31817823; *Lazar v. Gregerson,* No. C 02–0652 SI, 2002 WL 535405, at *4; *Gordon v. Buntrock,* No. 00 CV 303, 2000 WL 556763, at *5 (N.D.Ill. Apr.8, 2000). Unlike *Ayres v. General Motors Corp.,* relied on by the defendants, the resolution of Greaves' right to relief does not depend entirely on the interpretation of federal securities regulations. 234 F.3d 514, 517–18 (11th Cir.2000). The federal regulations may be part of IRT's defense; however, other common law defenses exist, and therefore, this court cannot say that a violation of federal statutes "is an essential element of the Plaintiffs' cause of action, the proof of which involves resolution of a substantial, disputed question of federal law." *Id.* at 518.

Accordingly, the court declines to accept IRT's argument that a substantial federal question exists such that federal subject matter jurisdiction is appropriate. Greaves, as the master of his complaint, pled only state common law claims in order to ensure a state forum. The court refuses to convert these state law claims into federal questions.

**IV.  *Sanctions***

■ Finally, Greaves asks the court to award him costs and attorneys' fees for the defendants' improper removal of this ac-

tion. Greaves requests such sanctions under 28 U.S.C. §§ 1447(c), 1927. On granting an order to remand, the court may order defendants to pay the plaintiff his "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Likewise, pursuant to 28 U.S.C. § 1927, "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Despite Greaves' request, the court declines to order any sanctions against the defendants. The court does not believe IRT or Equity acted in bad faith. Instead, the defendants had a reasonable basis in law to seek removal of this case. The Uniform Standards Act is a relatively unexplored statute, and the preemption and remand issues raised here have not been resolved in the Eleventh Circuit. As this court's discussion of the Uniform Standards Act makes clear, the question of whether removal was proper in this case is an unsettled legal question with plausible arguments on both sides of the issue. Thus, no costs or fees shall be awarded in connection with this matter. *See, e.g., Arlia ex rel. Massey Energy Co.,* 234 F.Supp.2d at 610; *Coykendall,* 2002 WL 31962137, at \*4; *Lazar,* 2002 WL 535405, at \*5; *Shaev,* 2001 WL 548567, at \*6.

## V. *Summary*

Based on the foregoing, Plaintiff John Greaves' emergency motion for remand [Doc. No. 2–1] is GRANTED. This case is REMANDED to Cobb County Superior Court. Plaintiff John Greaves' alternative motions for expedited discovery and the scheduling of a preliminary injunction hearing [Doc. Nos. 2–2 & 2–3] are DENIED AS MOOT. John Greaves' request for attorneys' fees and costs is also DENIED. This court has no jurisdiction to resolve the remainder of the motions pending on the docket [collectively, Doc. Nos. 1–1 & 1–2], and the court expresses no opinion thereon. Instead, these matters must be resolved in Cobb County Superior Court.