Nina **WEITMAN**, Plaintiff,

v.

Ronald N. **TUTOR**, Tutor–Saliba Corporation, **Robert Band, Raymond R. Oneglia, Michael R. Klein, William W. Brittain, Jr., Robert A. Kennedy, Peter Arkley, Robert L. Miller**, Perini Corporation, Trifecta Acquisition LLC, Defendants.

Civil Action No. 08–11496–NMG.

United States District Court,
D. Massachusetts.

Dec. 3, 2008.

Joshua M. Lifshitz, Bull & Lifshitz, LLP, New York, NY, David Pastor, Gilman and Pastor, LLP, Boston, MA, for Plaintiff.

Anthony S. Fiotto, Chad W. Higgins, Goodwin Procter, LLP, David H. Travers, Eric D. Levin, Hinckley, Allen and Snyder, LLP, Boston, MA, Andrew B. Kay, James P. Gillespie, Matthew E. Papez, Robert D. Gilmore, Kirkland & Ellis LLP, Washington, DC, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

In July, 2008, plaintiff Nina Weitman ("Weitman") filed an amended complaint in Middlesex Superior Court alleging, on her own behalf and on behalf of others similarly situated, counts of 1) breach of fiduciary duty, 2) aiding and abetting breach of fiduciary duty, 3) conspiracy to breach fiduciary duty and 4) liability under respondeat superior. In September, 2008, the defendants removed the case to this Court pursuant to the Securities Litigation Uniform Standard Act of 1998 ("SLUSA"), under which federal courts have exclusive jurisdiction over actions with respect to certain "covered securities" and "covered class actions" within the meaning of 15 U.S.C. §§ 78bb *et seq.*

The defendants subsequently filed motions to dismiss and Weitman filed a motion to remand the case to state court. These motions are now before the Court.

### I. *Background*

Weitman is an owner of 17 shares of common stock (out of approximately 27 million shares outstanding) of Perini Corporation ("Perini"), a large construction company. She has filed suit, individually and on behalf of a class composed of other Perini security-holders, to enjoin a merger between Perini and Tutor–Saliba Corporation ("Tutor–Saliba"), a privately-held construction company.

Weitman has also sued 1) Ronald N. Tutor, Perini's Chairman, Chief Executive Officer ("CEO") and majority shareholder; 2) Trifecta Acquisition LLC ("Trifecta"), a wholly owned subsidiary of Perini formed solely for the purpose of completing the merger with Tutor–Saliba and 3) seven members of the Perini Board of Directors. In addition to enjoining the merger itself, Weitman also seeks to enjoin a sharehold-

er vote to approve the merger. In the alternative, if the merger is consummated, she seeks damages caused by the merger and its rescission.

The merger agreement that forms the basis of this suit was entered into on April 2, 2008, and provided that Tutor–Saliba shareholders would receive approximately 43% of the outstanding Perini common stock. Four directors (all of whom are defendants) composed a Special Committee on the Perini Board of Directors that approved the agreement. On September 5, 2008, 88% of Perini shareholders voted to approve the merger, which was formally announced three days later.

In connection with the merger, Weitman alleges that 1) the Perini directors failed adequately to consider alternatives to the merger with Tutor–Saliba, 2) UBS Securities LLC ("UBS"), the financial advisor retained by the board, had a conflict of interest arising from the terms of its retention and its past business dealings with Tutor, 3) Perini issued proxies that failed to disclose material information necessary for the shareholders to vote on the merger and 4) market reaction to the proposed merger was negative.

## II. *Analysis*

### A. Motion to Remand

#### 1. Legal Standard

■ A federal district court may remand a case removed from state court upon the motion of a party pursuant to 28 U.S.C. § 1447(c). The party that removed the case bears the burden of proving that the case was properly removed and thus may remain in the federal court. *Moniz v. Bayer A.G.,* 447 F.Supp.2d 31, 33–34 (D.Mass.2006). Any doubts about whether removal was proper should be construed against the removing party. *Danca v.*

*Private Health Care Sys., Inc.,* 185 F.3d 1, 4 (1st Cir.1999).

#### 2. SLUSA

Congress passed SLUSA to prohibit plaintiffs from suing in state court or under state law merely to circumvent the more stringent procedural and substantive requirements placed on securities claims under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z–1, 78u. *See* Pub. L. No. 105–353, § 2, 112 Stat. 3227. Therefore, under SLUSA Congress gave federal courts exclusive jurisdiction over class actions alleging fraud in the sale of "covered securities", which are securities that satisfy the requirements of paragraphs (1) or (2) of section 18(b) of the Securities Act of 1933, 15 U.S.C. § 77r(b), such as those traded on a national exchange. *Id.* § 78bb(f)(5)(E). Congress also provided that such class actions must be filed under federal law. *Id.* § 78bb(f)(1).

■ A case initiated in state court that falls within the ambit of SLUSA may be removed to federal court. *See* 15 U.S.C. § 78bb(f)(2). A party seeking to remove such a case to federal court pursuant to SLUSA must demonstrate that the case:

> (1) [is] a "covered class action;" (2)[is] based on state law; (3) involv[es] a "covered security;" and (4) [includes] an allegation that the defendant misrepresented or failed to disclose a material fact "in connection with the purchase or sale of such security".

*Cape Ann Investors LLC v. Lepone,* 296 F.Supp.2d 4, 9 (D.Mass.2003), quoting *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 292 F.3d 1334, 1342 (11th Cir.2002). A "covered class action" is one where

> damages are sought on behalf of more than 50 persons or prospective class members ... or one or more named

parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate.

15 U.S.C. § 78bb(f)(5)(B).

■ If removal is proper under SLUSA's general removal provision, any state-law claims must be dismissed unless they are preserved by an exception known as the "Delaware carve-out". *Id.* § 78bb(f)(1); *see Malone v. Brincat,* 722 A.2d 5, 13 (Del.1998). Congress adopted the Delaware carve-out so as not to

> interfere with state law regarding the duties and performance of an issuer's directors or officers in connection with a purchase or sale of securities by the issuer or an affiliate from current shareholders or communicating with existing shareholders with respect to voting their shares, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

*Alessi v. Beracha,* 244 F.Supp.2d 354, 359 (D.Del.2003), citing S. Rep. 105–185, at 6 (1998). The carve-out applies to actions that are based on the law of the state in which the issuer is incorporated if they involve:

> (I) the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer; or
>
> (II) any recommendation, position, or other communication with respect to the sale of securities of an issuer that—

> (aa) is made by or on behalf of the issuer or an affiliate of the issuer to holders of equity securities of the issuer; and
>
> (bb) concerns decisions of such equity holders with respect to voting their securities, acting in response to a tender or exchange offer, or exercising dissenters' or appraisal rights.

15 U.S.C. § 78bb(f)(3)(A).[1] An action that falls within the Delaware carve-out must be remanded to the state court. *Id.* § 78bb(f)(3)(D).

### 3. Application

In her motion to remand, Weitman advances two alternative arguments. She contends that her case falls outside the removal and preemption provisions of SLUSA but, in the alternative, even if her case satisfies the general removal criteria, it must be remanded under the Delaware carve-out. The defendants respond that, to the contrary, her case is subject to SLUSA removal and is not remandable pursuant to the carve-out.

This Court is persuaded that Weitman's claim satisfies the general SLUSA removal provision but that it also falls within the Delaware carve-out and, therefore, should be remanded to state court. *See* 15 U.S.C. § 78bb(f)(3)(D).

#### a. SLUSA's General Removal Provision

■ The defendants oppose the motion to remand because they contend that Weitman's claim is subject to the general removal provision of SLUSA, 15 U.S.C. § 78bb(f)(2).[2] They argue, moreover, that, although Weitman originally asserted a

---

1. Neither party addresses whether the "purchase or sale of securities" exception, 15 U.S.C. § 78bb(f)(3)(A)(ii)(I), applies, so the Court considers only the "recommendation, position, or other communication" exception, *id.* § 78bb(f)(3)(A)(ii)(II).

2. Because all counts in Weitman's complaint arise out of her claim of breach of fiduciary duty, they will be referred to as one claim.

classic breach of fiduciary duty claim, she has since transformed it into a federal securities fraud claim by adding in her amended complaint allegations that 1) Tutor–Saliba sold all of its shares of Perini just prior to an announcement that devalued Perini's stock and 2) the merger was timed to occur just after that announcement, thereby undervaluing Perini's shares in the transaction.

The defendants also suggest that certain other actions of Weitman indicate that her claim is subject to federal jurisdiction. At a hearing on a motion to expedite in the state court, Weitman allegedly claimed that her allegations of insider trading and manipulation of stock price were claims in their own right. In addition, in her oppositions to the pending motions to dismiss, she questioned the "suspect" timing of the merger and the "surreptitiously conveyed non-public [Perini] information to Tutor–Saliba". The defendants also note that Weitman's counsel has filed a separate *federal* securities class action on behalf of another plaintiff alleging the same claims as are made in this case against Perini and Perini officials.

Weitman responds that there is no federal question at issue in this case because her complaint does not include any insider trading or other federal claim on its face. She asserts that she has presented a "garden variety breach of fiduciary action" and that the defendants have "cherry-picked" various insider-trading references and taken them out of context in order to fabricate a federal claim purely to justify removal to this Court. She contends that any passing reference she (or her counsel) made regarding insider trading was meant only to support her claim of breach of fiduciary duty by showing that Perini's board failed to make material disclosures to the shareholders with respect to the merger. Such a reference did not, she alleges, automatically transform her state law cause of action into a federal claim.

However, the fact that Weitman's complaint does not state a SLUSA claim on its face does not necessarily mean it does not arise under SLUSA. *See Rowinski v. Salomon Smith Barney, Inc.*, 398 F.3d 294, 304 (3d Cir.2005) ("SLUSA stands as an express exception to the well-pleaded complaint rule, and its preemptive force cannot be circumvented by artful drafting"); *DeLaventura v. Columbia Acorn Trust*, 417 F.Supp.2d 147, 158 (D.Mass.2006) (stating that, before the case was closed, the Court entered an order denying plaintiff's motion to remand because SLUSA removal was proper even where the complaint alleged only breach of contract).

Notwithstanding Weitman's actions since the filing of her complaint, her claim satisfies the four elements required for SLUSA removal in that:

1) it qualifies as a "covered class action" because it is made on behalf of all Perini security-holders,

2) it is based on state (Massachusetts) law,

3) it involves Perini stock which qualifies as a "covered security" because it is traded on the New York Stock Exchange, and

4) it involves an allegation that the defendants misrepresented or omitted a material fact "in connection with the purchase or sale of such security".

*See Cape Ann Investors LLC,* 296 F.Supp.2d at 9.

The subject statute does not define what is meant by "in connection with the purchase or sale of a covered security" but the United States Supreme Court has interpreted the phrase broadly such that "it is enough that the fraud alleged 'coincide' with a securities transaction". *Merrill Lynch, Pierce, Fenner & Smith Inc. v.*

*Dabit*, 547 U.S. 71, 85, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006). Weitman's claim that the defendants omitted material information in the proxies concerning Perini's merger with Tutor–Saliba clearly fits that definition. *See Rubery v. Radian Group, Inc.*, No. 07–1068, 2007 WL 1575211, at *3 (E.D.Pa. May 31, 2007) (a merger in which shareholders in one corporation exchange their shares for shares in the surviving corporation satisfies the "in connection with" requirement) (citation omitted). Therefore, Weitman's claim is removable pursuant to 15 U.S.C. § 78bb(f)(2) and is not subject to remand on that ground.

**b. SLUSA's Delaware Carve–Out**

■ Ultimately, however, this case must be remanded because it is subject to the Delaware carve-out, *id.* § 78bb(f)(3)(A)(ii)(II). Weitman's claim is "based upon the statutory or common law of the State in which the issuer is incorporated" because it is for breach of fiduciary duty under the common law of Massachusetts, the state in which Perini is incorporated. Contrary to the defendants' arguments, the gravamen of Weitman's claim is not insider trading or self-dealing sounding in federal law but, rather, Weitman's dissatisfaction with certain conduct of corporate officers prior to the merger. That conduct included the retention of an allegedly-conflicted financial advisor and the failure by those officers to explore alternative courses of action which amounted to an alleged breach of the directors' fiduciary duties.

■ The plaintiff's claim involves a "recommendation, position or communication" because Weitman alleges that the Perini board issued proxy statements which contained misrepresentations regarding the merger. *See Derdiger v. Tallman*, 75 F.Supp.2d 322, 325 (D.Del.1999). Those proxies related to "the sale of securities of the issuer [of covered securities]" because

they described Perini's merger with Tutor–Saliba. The exchange of Tutor–Saliba shares for Perini shares as part of the subject merger fits the definition of a "sale". *See SEC v. Nat'l Secs., Inc.*, 393 U.S. 453, 467, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969).

The merger constitutes a sale of securities of the *issuer* (Perini), and not of Tutor–Saliba, as the defendants contend. *See Mayer v. Oil Field Sys. Corp.*, 721 F.2d 59, 65 (2d Cir.1983) (describing "the sale of the assets of Corporation A [the acquired company, i.e. Tutor–Saliba] … for stock in Corporation B [the acquiring company, i.e. Perini] which is distributable to A's stockholders" as a "sale of A's assets to B with A the purchaser and B the *seller of securities*") (emphasis added). Although the term "sale" in the Delaware carve-out of SLUSA is not defined, other terms in the carve-out are defined expressly by reference to the Securities Act of 1933. *See* 15 U.S.C. § 78bb(f)(5)(E) (defining "covered security" by reference to Section 18(b) of the Securities Act). That Act states, in pertinent part:

> Any security given or delivered with … any purchase of securities … shall be conclusively presumed to constitute a part of the subject of such purchase and to have been offered and sold for value.

15 U.S.C. § 77b(a)(3). Thus, under the Securities Act of 1933, the transfer of Perini shares to Tutor–Saliba shareholders in the merger constitutes a sale of Perini shares. Accordingly, it constitutes a sale under SLUSA as well.

The proxy statements were "made by or on behalf of the issuer [of a covered security] … to holders of equity securities of the issuer" because they were made by Perini to its shareholders. *See Greaves v. McAuley*, 264 F.Supp.2d 1078, 1083 (N.D.Ga.2003). They also "concern[ ] decisions of such equity holders with respect to

voting their securities" because they were meant to inform the Perini shareholders about the details and circumstances surrounding the merger on which they were asked to vote. *See Greaves*, 264 F.Supp.2d at 1083 (communications "intended to encourage ... approv[al of] the proposed merger agreement" satisfied the requirement); *Lazar v. Gregerson*, No. C 02–0652 SI, 2002 WL 535405, at *3 (N.D.Cal. Apr. 8, 2002) (misstatements in "merger materials" satisfied the requirement); *Derdiger*, 75 F.Supp.2d at 325 ("proxy statements that were mailed to ... stockholders during the merger" satisfied the requirement). Thus, Weitman's claim is subject to the Delaware carve-out and cannot remain in federal court. *See* 15 U.S.C. § 78bb(f)(3)(A)(ii)(II).

## B. Motions to Dismiss

Because this case will be remanded, this Court is without jurisdiction to decide the pending motions to dismiss.

## ORDER

In accordance with the foregoing, Weitman's motion to remand (Docket No. 24) is **ALLOWED** and the defendants' motions to dismiss (Docket Nos. 20 and 22) are **DENIED** as moot.

**So ordered.**